COPENHAVER *et al.*, *Appellants*, v. COPENHAVER.

1. **Descents and Distributions**: GRAND-NEPHEWS. Under the statute of Descents and Distributions, (R. S. 1879, ₴ 2161,) the children of the deceased nephews and nieces of an intestate, are not cut off from sharing in his estate.

2. ———: ———. Under the statute of Descents and Distributions, (R. S. 1879, ₴ 2165,) where nephews and nieces of an intestate inherit from him, together with his grand-nephews and grand-nieces, and there are none nearer of kin, the former will take in their own right, *per capita*, and the latter by representation, or *per stirpes*.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Norton, Martin & Dryden* and *Dryden & Dryden* for appellants.

*McKee, Dunn & Colbert* for respondents.

NORTON, J.—This was an application to the probate court of Lincoln county, for distribution of an intestate estate. Jacob Copenhaver, being possessed of a large amount of real and personal estate in Lincoln county, died intestate in the year 1878, leaving neither descendants, father, mother, brothers nor sisters living, but leaving thirty-two nephews and nieces and twenty-five known

grand-nephews and grand-nieces, (the plaintiffs and defendants in this suit,) and the unknown heirs of one niece who was living at the time of the death of the intestate, but who has since died. These nephews and nieces and grand-nephews and grand-nieces are the offspring in unequal numbers of seven brothers and sisters of the intestate—all he had ever had—all of whom died before the intestate, as will appear from the agreed statement of facts, which is as follows:

" *In the matter of the distribution of the estate of Jacob Copenhaver, deceased.* It is agreed by the distributees in the above entitled matter that Jacob Copenhaver died in February, 1878, possessed of a large amount of real and personal property, leaving no children or their descendants, nor father, mother, brothers or sisters living, but left as his only heirs at law, thirty-two nephews and nieces and twenty-five known grand-nephews and nieces, and the unknown heirs of one niece living at the time of his death; and it is further agreed that the only questions in this matter submitted for the decision of the court are: 1st, Do the nephews and nieces living at the time of the death of said Jacob Copenhaver take *per stirpes* the share their ancestor would take, or do they take *per capita* in their own right? 2nd, Do the children of the nephews and nieces take the shares their ancestors would have taken if living, or are they, by the law of descent, cut off from any share of the estate?"

The probate court, to which the application was made for distribution of $10,000, decided that the nephews and nieces took *per capita* and that the grand-nephews and grand-nieces took *per stirpes* the shares their immediate ancestors would have taken had they been alive. The circuit court on appeal reversed this decision and ordered that the estate be divided into seven equal parts corresponding to the number of the intestate's deceased brothers and sisters, and each part to be distributed *per stirpes* among the descendants of the respective brothers and sisters—that is, the descendants of each several brother or sister taking together the share

such brother or sister would have taken if alive. On writ of error the court of appeals reversed the judgment of the circuit court, from which court the case is brought here by appeal.

The answer to the interrogatories propounded by the agreed statement of facts is to be ascertained by an examination of the law of Descents and Distributions as regulated by our statute, and the two sections bearing upon the subject are sections 2161 and 2165, Revised Statutes 1879. So much of said section 2161 as is material to the elucidation of the questions involved, is as follows: " When any person having title to any real estate of inheritance or personal estate undisposed of, or otherwise limited by marriage settlement, shall die intestate as to such estate, it shall descend and be distributed in parcenary to his kindred, male and female, subject to the payment of debts and the widow's dower, in the following course : 1st, To his children or their descendants, in equal parts ; 2nd, If there be no children or their descendants, then to his father, mother, brothers and sisters, and their descendants, in equal parts, * * " It will be perceived that the object of this section is to regulate the course of descents and to designate what persons are entitled to participate in the distribution of an intestate's estate; and as the intestate in this case died without leaving children or their descendants, and without leaving either father, mother, brother or sister, under the second subdivision of said section the descendants of his brothers and sisters are clearly entitled to distribution, and as nephews and nieces, as well as grand-nephews and grand-nieces, are embraced and included in the word descendants, they are all entitled to distribution, and the question "Are the children of the nephews and nieces by the law of descents cut off from any share in the estate," must be answered in the negative.

Having ascertained that under said section 2161 the grand-nephews and grand-nieces as well as the nephews

*1. DESCENTS AND DISTRIBUTIONS: grand-nephews.*

2. —— : ——.    and nieces are entitled to distribution, the only question remaining to be determined is, as to how and in what proportion they are to take. This question is solved by section 2165, Revised Statutes 1879, which provides that: "When several lineal descendants, all of equal degree of consanguinity to the intestate or his father, mother, brothers and sisters, or his grandfather, grandmother, uncles and aunts, or any ancestor living, and their children, come into partition, they shall take *per capita*, that is, by persons; where a part of them are dead and part living, and the issue of those dead have a right to partition, such issue shall take *per stirpes*, that is, the share of the deceased parent." While this section is somewhat confused by the multiplication of words, we think it is quite evident that it conveys the idea that when several lineal descendants all of equal degree of consanguinity to the intestate come into partition, as in this case, with others of a more remote degree, that the former take *per capita* and the latter *per stirpes*. So that in the case before us, as made by the agreed statement, the result would be, that the nephews and nieces would take in their own right, *per capita*, and the grand-nephews and grand-nieces would take by representation, or *per stirpes*.

The above is the conclusion reached by the court of appeals in its opinion reported in 9 Mo. App. 200, where the questions presented are at some length discussed, and for the reasons therein given and what is herein said, the judgment of said court reversing the judgment of the circuit court is hereby affirmed.    All concur.