SARAH KENDALL and JACOB KENDALL *vs.* ELIAS E. MONDELL and others.

*Intestate—Descent and Distribution—Children of a Deceased parent.*

An intestate died leaving a sister and the children of a deceased sister, her heirs-at-law. The intestate at the time of her death was seized and possessed of certain lands. These lands were sold under a decree for the purpose of division among her heirs, and the proceeds were brought into Court. The intestate in her lifetime obtained a judgment against her deceased sister, which remained unpaid. The surviving sister contended that this judgment should be paid out of the share of the deceased sister's children in the land of the intestate, as the deceased sister left no property sufficient to pay it. HELD :

That the children of the deceased sister were entitled to one-half of the proceeds of the land, the same that their mother would have been entitled to if living, and such could not be made liable for her debts.

APPEAL from the Circuit Court for Washington County, in Equity.

This appeal was taken from an order of the Court below overruling exceptions to an auditor's account, distributing the proceeds of an intestate's real estate. The case is stated in the opinion of this Court.

The cause was argued before MILLER, C. J., STONE, YELLOTT, ROBINSON, IRVING, and BRYAN, J., for the appellants, and submitted on brief for the appellees.

*T. H. Edwards*, for the appellants.

*Edward Stake*, for the appellees.

STONE, J., delivered the opinion of the Court.

Miss Joanna Binkley died in 1885, intestate and without children, leaving a sister, Mrs. Kendall, and the children of a deceased sister, Mrs. Mondell, her heirs-at-law. Miss Binkley was seized and possessed at the time of her death of certain lands. These lands were sold under a decree for the purpose of division among her heirs, and the proceeds of sale brought into Court. The auditor divided the fund into two equal portions, giving one-half to Mrs. Kendall and the other half to the children of Mrs. Mondell. Mrs. Kendall excepted to this audit, and her exceptions being overruled she has appealed to this Court.

The ground of her exception is this: Miss Binkley in her life-time obtained a judgment against her sister, Mrs. Mondell, which is still unpaid, and Mrs. Kendall insists that this judgment is to be paid out of the share of Mrs. Mondell's children in this land, as she, Mrs. Mondell, left no property sufficient to pay it. The proposition of the appellant broadly stated, is, that the children of Mrs. Mondell must pay the debt due by their mother to their aunt *before* they, the children, can get the property they inherited from the latter. The authority for this is supposed to be found in sec. 27 of Art. 47, of the Code, which provides that if a father or mother be dead, the children of such father or mother shall receive the same share of the estate as the father or mother, if living, would have been entitled to and *no more*.

It is insisted that if Mrs. Mondell were living, the judgment she owed her sister Miss Binkley, would have to be paid out of the lands inherited from her, and if not paid now out of her children's share the children would get more than the deceased mother.

The fallacy of this argument is so clearly shown, we think, in the opinion of the learned Judge (SYESTER,) who decided this case below, that we can do no better than to quote with our approval a portion of it. He says: "First. If Mrs. Mondell were living, she would *take* by *inheritance* the one undivided half of the real estate of which her sister died seized and possessed. The nephews and nieces take 'no more;' Mrs. Mondell's full share, one-half, would not be denied her if she were living. She would take it just as any other property, but it would be liable to her debts just like any other property. It would still be her property. If instead of owing her sister, through whom she inherited, she had owed *some other person*, she would be in the same situation precisely, in respect to this one undivided half, as she would be under the judgment to her sister. In either case, the share might be liable to her creditors' claim; but the full share, one-half would go to her, and *no more* than this goes to the heirs, her children.

"Why the words 'and no more' are found in the statute, may occasion diverse opinions. The probability is, that they are there out of abundant caution—that is, to publish distinctly and with emphasis, that the children of a deceased brother and sister take *per stirpes* and not *per capita.*"

The property in controversy belongs by inheritance from their aunt to the children of Mrs. Mondell. She herself never owned it or had any interest in it, and in no event can it be made liable for her debts.

*Order affirmed.*

(Decided 22nd June, 1887.)