BARNUM *et al.* v. BARNUM *et al., Appellant.*

Division One, December 23, 1893.

1. **Ejectment:** EQUITABLE TITLE: ADMINISTRATOR'S SALE. Where plaintiffs inherited the interest in the lands of their uncle which their deceased father would have inherited had he survived the uncle, a sale of such interest to defendant to satisfy a claim of the uncle's estate against the estate of plaintiffs' father will not create an equitable title in defendant as the father's estate had no interest in the uncle's lands.

2. ———. Where one inherits a share in an estate which his deceased father would have inherited, he inherits not from the latter but directly from the intestate.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*D. T. Jewett* for appellants.

(1) Since the case in the 29 Mo. p. 152, of *Valle's Heirs v. Fleming's Heirs*, it has been settled law in this state that an equitable defense may be set up in an action of ejectment and may be good against a part or all of the plaintiff's case, and that courts will render such judgment in the case as justice and equity requires. To this point, in addition to the case of *Valle v. Fleming*, we cite: *Huff v. Price*, 50 Mo. 228; *Shroyer v. Nickell*, 55 Mo. 264; *Same case*, 67 Mo. 589; *Jones v. Manly*, 58 Mo. 559; *Evans v. Snyder*, 64 Mo. 516; *Long v. Joplin*, 68 Mo. 422; *Snider v. Coleman*, 72 Mo. 568; *Schafer v. Causey*, 76 Mo. 365, and same case in 8 Mo. App. 142; *Hutchison v. Briscoe*, 77 Mo. 373; 2 Woerner's Am. Law of Admin., 1080 and 1081; *Sebree v. Patterson*, 92 Mo. 458; *Merrit v. Porter*, 96 Mo. 237, and *Cunningham v. Anderson*, 107 Mo. 377.

(2) In general, it may be said that where reformation and specific performance of deeds and contracts respecting the sale of lands will be decreed by a court of equity between the original parties, similar relief will (in the absence of other intervening and controlling equities) be given in actions between parties claiming under them. *Hagman v. Shaffner*, 88 Mo. 28. As to what courts of equity will do in behalf of justice and equity, *vide*; Story's Equity, secs. 783 and 784; *Schradski v. Albright*, 93 Mo. 48; *Widdicombe v. Childers*, 84 Mo. 394; Story's Equity, secs. 395, 396, and cases cited; *Bennet v. Shipley*, 82 Mo. 448; *Collins v. Rogers*, 63 Mo. 515; *Martin v. Nixon*, 92 Mo. 35. (3) We claim that plaintiffs have no title at all, as the father of the plaintiffs, if alive at the death of his brother, Thomas J., would have had only an equitable claim to his seventeenth of his brother's estate, as his share would have been encumbered by the debt he. owed his brother, and that equity was sold by the administrator of Lewis Barnum's estate to the defendant, Agnes Barnum.

*Henry H. Denison* for respondents.

(1) These respondents, since their father died long before their uncle's death, take their share in their uncle's estate under the statute, in their own right, regardless of any claim the intestate uncle may have had against their father during his lifetime. *Kendall v. Mondell*, 67 Md. 444; *Carson v. Carson's Ex.* 1 Met. (Ky.) 300; *Ilgenfritz's Appeal*, 5 Watts, 25; *Simpson v. Simpson*, 16 Ill. App. 170; 1 Woerner on Administration 1, p. 149; *Jones v. Carter*, 56 Mo. 403; *Mann v. Mann*, 12 Heisk. 246; *Towles v. Towles*, 1 Head, 601. (2) The estate of Lewis H. Barnum, who died January 13, 1876, leaving three children, these respondents, which

estate was finally settled June 6, 1877, could inherit nothing from Thomas J. Barnum, who died intestate March 10, 1879.   See same cases cited under point 1; Revised Statutes, 1889, sec. 4465.   (3) Agnes Barnum was not an innocent purchaser under the Tumilty sale; she did not purchase in good faith; the pretended sale was void because there was nothing to sell; whatever she paid for the pretended interest of Lewis H. Barnum's estate she paid at her peril; the partition under which she pretends to hold was a nullity as to these respondents, who had no notice, and were not in court, and she is not entitled to equitable relief. 2 Woerner on Administration, 1077, secs. 482 and 484; *Jones v. Carter*, 56 Mo. 403; *Speck v. Wohlein*, 22 Mo. 310; *Bank v. White*, 23 Mo. 342; *Dickerson v. Campbell*, 32 Mo. 544; *Caldwell v. Lockridge*, 9 Mo. 358; Revised Statutes, 1889, sec. 168.

MACFARLANE, J.—The action is ejectment to recover one undivided seventeenth of about three hundred and twenty acres of land in St. Louis county, to which defendants set up an equitable defense.   The case was tried upon an agreed statement of facts, which present the equities under which defendants seek to defeat the action.

The facts agreed to are in substance as follows:

Lewis H. Barnum and Thomas J. Barnum were brothers, the former residing in Pueblo, Colorado, and the latter in St. Louis, Missouri.   On January 1, 1871, Lewis H. made his note to his brother Thomas J. for the sum of $2,542.   Lewis H. died in Colorado January 13, 1875, leaving his widow, Emma Barnum, and three minor children, the plaintiffs in this suit.   The estate of Lewis H. was administered by his widow under the laws of Colorado, and final settlement was made in

June, 1877, and the balance amounting to about.$10,-
000, was distributed to his heirs.

Thomas J. knew of the death of his brother and
that the estate was in course of administration, but
never presented for allowance the note held by him.

On March 10, 1879, the said Thomas J. died in St.
Louis, leaving a widow, a number of brothers and sis-
ters, or their descendants, including the plaintiffs, but
left no children. The interest Lewis H., the father of
plaintiffs, would have inherited, had he been living,
was one-seventeenth.

Agnes Barnum, the widow of Thomas H., adminis-
tered on his estate and inventoried the said note made
by Lewis H. to her intestate. On May 28, 1880, one
Thomas Tumilty took out letters of administration in
the city of St. Louis on the estate of the said Lewis H.
and said note was on March 26, 1881, allowed by the
probate court as a demand against it, after deducting
payments, for $2,315.40.

The administrator, after regular proceedings had,
on the fourth Monday of August, 1881, sold said
seventeenth interest to the said Agnes Barnum for the
sum of $1,150, which was paid by her to the administra-
tor. After this, at the suit of Agnes Barnum, the
widow of Thomas H., who had elected to take one-half
the estate of her husband, partition of the land was
made, these plaintiffs not being made parties.

Upon this statement of facts, which is set up more
in detail in the answer and agreed statement, defendant
claims that the legal title passed under the administra-
tor's sale, but as an alternative they make this prayer
to the equitable defense:

"Therefore, defendants pray that if the court
should be of the opinion that the legal title to the
aforesaid one-seventeenth (1-17) did not pass to the
said Agnes Barnum by virtue of said administrator's

sale, that the court will order the proper accounting, and order and decide that plaintiffs should not receive the said one-seventeenth of said estate; that is to say, one-seventeenth of the tract of land described in this petition, till the plaintiffs have made good to, or paid to the estate of, Thomas J. Barnum, the full amount of said note and interest thereon, which their father owed to the said estate of Thomas J. Barnum at the time of his death, with interest thereon."

The judgment was for plaintiffs, and defendant appealed.

I.   Under the law of descent of this state, while the plaintiffs, as nephews and nieces of their deceased uncle Thomas H. Barnum, only inherited the share in the estate, their father would have taken had he been living, still they inherit, not from their father, but directly from their uncle. Revised Statutes, 1879, sections 2161 and 2165; Copenhaver v. Copenhaver, 78 Mo. 58.

Neither plaintiffs' father, who died before his brother Thomas, nor his estate took any interest in the land in controversy and consequently the administrator's sale passed none.   The legal title is vested in the plaintiffs and they should recover, unless some equity intervenes to prevent it.

II.   The estate . plaintiffs inherited from their uncle vested in them on his death and was no more subject to, or liable for, the debts of their father than it would have been had they acquired it by purchase or under a devise from a stranger.

We are unable to discover any equity which would make the property subject to the debts of their father. This case does not bear the slightest analogy to one in which the heirs of a deceased person claim land which had been sold by an administrator, but the sale was ineffectual on account of some irregularity or want of

conformity to statutory requirements. In such case the property is subject to the debts of the ancestor and the heirs take the title subject to be divested by a sale for the payment of debts. The equity of the purchaser, in such case, arises from the fact that his money went into the estate and was applied in the extinguishment of debts for which the land, not the heirs, was liable. *Cunningham v. Anderson*, 107 Mo. 373.

The attempt here was to sell land belonging absolutely to plaintiffs for the payment of the debt of their father, for which neither they, personally, nor the land, was liable, and in which he never had an interest. The want of analogy is apparent, as is also the want of equity in the defense. Judgment affirmed. All concur, except BARCLAY J., who is absent.