## LULU L. MILES et al., Appellants, v. MARTHA E. ROBERTSON et al.

### Division One, June 2, 1914.

1. **DEEDS: Delivery.** Delivery of a deed may be shown by acts without words, or words without acts, or by both combined; and it may take place and the deed still remain in the possession of the grantor. However, when the actual tradition takes place, there is no further use for fiction or construction.

2. ————: ————: **This Case.** For years a sister had kept house for her unmarried brother and had invested about $1500 in improvements on his farm, whereon they lived. When the brother had grown old and feeble, he came into the house one day and gave to the sister a general warranty deed to the farm, saying: "Here is your deed. Lay it away until the change comes. If I go first, you will have a home, and if you die first I will make you secure. The land then still remains in me." She put the deed in her trunk and it stayed there until she had it recorded a few days after the brother died. After making the deed the brother sold the land and deeded it himself, but took it back upon the purchaser's failure to pay. *Held,* a valid delivery of the deed to the sister, which immediately passed the title to her.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside*, Judge.

Affirmed.

*Jones Bros., C. H. Shubert* and *Watson & Holmes* for appellants.

(1) The court erred in holding that the deed of A. C. Robertson to Martha E. Robertson was effective to convey the title of the land to her and admitting said deed in evidence over objection of plaintiff. Seibel v. Higham, 216 Mo. 131; Huey v. Huey, 65 Mo. 689; Givens v. Otte, 222 Mo. 395; 9 Am. & Eng. Ency. Law, pp. 153-4; Miller v. Lullman, 81 Mo. 311; Tyler v. Hall, 106 Mo. 313; McCune v. Goodwillie, 204 Mo. 338; Williams v. Latham, 113 Mo. 174; Cook v. Newby, 213 Mo. 489; Mudd v. Dillon, 166 Mo. 110; Terry v. Glover, 235 Mo. 552; Chambers v. Chambers, 227 Mo. 262. (2) The court erred in finding that there was a delivery of the deed from A. C. Robertson to Martha E. Robertson. Seibel v. Higham, 216 Mo. 131; Bouvier's Law Dict., "Delivery;" Tiedeman on Real Property (3 Ed.), 577; 3 Washburn on Real Property, p. 254; Sneathen v. Sneathen, 104 Mo. 201; 1 Devlin on Real Estate (3 Ed.), sec. 279, p. 453; Wilson v. Wilson, 158 Ill. 567. (3) Under the evidence of Martha E. Robertson, herself, there was no delivery of the deed to her by A. C. Robertson. There could be no delivery in this case unless the delivery had been perfected in the lifetime of deceased, A. C. Robertson. No one was authorized to deliver it after his death. Terry v. Glover, 235 Mo. 552.

*Bland & Murphy* for respondents.

(1) The controlling question in the case is, whether or not A. C. Robertson delivered the deed from

himself to the respondent, and whether the delivery, if made, was an unconditional one; that is, did he reserve the right to recall the deed, or did he part with all dominion over it. The undisputed evidence is that he not only executed the deed, and made a manual delivery of it to the respondent with instructions to keep it, "that it is your deed," but that he communicated his purpose to make it to her before doing so, and called Yowell and Lorts as witnesses to the deed, and told them of his reasons for making it, viz.: to secure a home for respondent after he should pass away. The deed is a general warranty deed containing no reservations or restrictions. By permission of the court, appellants, over objections of respondents, were allowed to show by oral evidence that Robertson, while he made an unconditional manual delivery of the deed to respondent, intended that the deed should not take effect immediately, and not at all if he should survive the respondent. He might have reserved a life estate in the land if he had so expressed his purpose in the deed. O'Day v. Meadows, 194 Mo. 588; Buxton v. Kroeger, 219 Mo. 256; Williams v. Latham, 113 Mo. 165; Stanford v. Stanford, 97 Mo. 231; Wilson v. Carsico, 14 Ind. 533; Gish v. Brown, 171 Pa. St. 479; Burry v. Frank, 98 Cal. 446; Frank v. Frank, 90 Iowa, 318; Stough v. Wilder, 119 N. Y. 530. Such a reservation would indicate an intention on the part of the grantor to pass the remainder interest immediately. But nothing of the kind is indicated in the deed, and the oral evidence which respondent unsuccessfully moved to have struck out was inadmissible for the purpose of grafting upon the deed conditions which contradicted its terms. Or to limit or qualify the effect of its unconditional delivery to respondent, for there can be no such thing as a conditional delivery of a deed to the grantee. Wadsworth v. Warren, 12 Wall. 307; Rogers v. Ramey, 137 Mo. 598; Aldrig v. Hopgood, 39 Vt. 621; Railroad v. Howard, 13 How. 334; Stromson v. Campbell, 114 Ill.

19; Baker v. Baker, 159 Ill. 394.    But the learned circuit judge discarded this oral evidence, and correctly found that the deed was delivered to the respondent unconditionally by the grantee, and this court we apprehend will not consider this oral evidence of any validity when it comes to a decision of the case.    (2) Though there may have been a verbal understanding that the deed was not to take effect until after the death of A. C. Robertson, the grantor, yet as there was an actual delivery by him to the grantee the title immediately passed to her.    Coal Co. v. Gulf Coast Co., 51 So. (Ala.) 570; Worrall v. Munn, 5 N. Y. 229, 55 Am. Dec. 330; Berry v. Anderson, 22 Ind. 39; Weber v. Christen, 121 Ill. 91, 2 Am. St. 71; Tollmer v. Rohser, 112 Pac. (Cal.) 544; People v. Bostwick, 32 N. Y. 445; Foley v. Cowgill, 5 Blackf. 18, 32 Am. Dec. 49; Hicks v. Goode, 12 Leigh, 479, 37 Am. Dec. 677; Trust Co. v. Whitem, 169 Mo. App. 5; Clark v. Criswell, 112 Md. 339; Chambers v. Chambers, 227 Mo. 162.

BROWN, C.—This action was begun in the circuit court for Phelps county July 2, 1910, to secure the determination by the court of the interests of the respective parties in about 170 acres of land in that county.    There was also a separate count for partition of the same land.    The plaintiffs are Lulu E. Miles and Ida M. Collins, who state that they are the owners of an undivided 140-840 of the land; and the defendants are Martha E. Robertson, alleged to be the owner of an undivided 649-840; John Hale 20-840; Maude Roster of 10-840; and Walter Beeler, Grace Beeler and Homer Beeler of 7-840 each.

The respective titles of the parties are stated as follows:

"That on the 15th day of January, A. D. 1909, Albert C. Robertson departed this life intestate at Phelps county, Missouri, seized and possessed of the

fee simple title to the above-described real property;
that the said Albert C. Robertson left surviving him
no widow or children, and no father or mother, but
leaving as his sole and only heirs, his sister, the defend-
ant, Martha E. Robertson; his sister, Margaret Love,
and his sister, Mary Blain; and the plaintiffs, Lulu L.
Miles, formerly Robertson, and Ida M. Collins, formerly
Robertson, only children and heirs of W. E. Robertson,
a brother of Albert C. Robertson; and W. R. Hale, John
Hale, A. B. Hale, Samuel Hale, Caroline Hale, who
intermarried with one Parry, children of Sarah Hale;
and Walter Yowell, Otto Roster and Maude Roster,
grandchildren of Sarah Hale, composing the sole and
only heirs at law of Sarah Hale, sister of the deceased
Albert C. Robertson; and B. F. Wood, H. W. Wood
and Dora Wood, children of Lucinda Wood; and Ubert
Beeler, Walter Beeler, Emma Beeler, Grace Beeler,
and Homer Beeler, grandchildren of Lucinda Wood,
deceased, a sister of the said Albert C. Robertson,
deceased, composing the sole and only heirs of the said
Lucinda Wood.

"That the following named heirs of the said Albert
C. Robertson have conveyed their interest in the above
real estate to Martha E. Robertson, to-wit: Margaret
Love, Mary A. Blain, W. R. Hale, A. B. Hale, Samuel
Hale, Caroline Hale, B. F. Wood, H. W. Wood, Dora
Wood, Walter E. Yowell, Otto Roster, Ubert Beeler,
Elma Beeler and Crawford Beeler, whereby said
defendant, Martha E. Robertson, has acquired the
undivided 649-840 interest in said land."

The petition further states that the defendant
Martha E. Robertson is in possession claiming the
entire title. The three Beelers, defendants, were
minors and non-residents of the State. They answered,
through their guardians *ad litem*, disclaiming knowledge
or information of the facts. Martha E. Robertson
denied the allegations of the petition and set up that

258 Mo.—46

she was the owner of the entire title.    The other two defendants did not answer, nor have they appealed.

The plaintiffs replied to the answer of Martha E. Robertson that she claimed absolute ownership under a "purported" deed from A. C. Robertson which was without consideration and had never been delivered.

On the trial Martha E. Robertson admitted that she claimed title to the land as grantee of A. C. Robertson who died January 15, 1909.    The deed was introduced in evidence.    It was dated June 17, 1899.    It conveyed the land in question, with the usual covenants of an indefeasible title in fee and against incumbrances and was witnessed by W. E. Yowell, the same mentioned in the petition as an heir of A. C. Robertson, and by one S. M. Lorts.    It was acknowledged before Robert C. Carpenter, notary public for Phelps county, and recorded January 23, 1909.

The real and only question is upon the delivery of the deed.    The evidence, about which there was no dispute, was to the effect that Mr. Robertson was a bachelor who at the time of the execution of the deed was old and feeble and described himself as not having long to live.    Miss Robertson    was a spinster well advanced in years, although not as old as her brother, and had always lived with and kept house for him, except during fourteen years when she was at work in Montana for monthly wages.    Upon her return she again went to live with and keep house for her brother, investing about $1500 which she had acquired, in the improvements on this farm, which was their home. On the morning of the day the deed was made he told her that he would go into St. James and fix the deed for her.    When he came back, which was before noon, he came through the house and presented her the deed saying, "Here is your deed."    He further said, "take it and lay it away and let it lay there until the change comes, and if I have to go first you will have something to secure you a home, and if you die first I will

make you secure.   The land then still remains in me."
He said, "I am old and am liable to go first, but the
deed is yours."   In answer to a question by plaintiff's
counsel Miss Robertson said that she took his intention
to be that if she died first he would still have the land.
He told her to put the deed in her trunk.   She put it
in the till and he never saw where it was put.   She
saw it three or four times afterward.   She said that he
said to her that the deed would hold until after he was
gone, and then have it recorded, which she did.

After the making of this deed he sold the land and
personal property on it to a Swiss who lived in St. Louis
named Meinschmidt, for $3500, conveying it himself,
and taking a deed of trust for three thousand dollars of
the consideration in his own name.   Meinschmidt did
not pay for it and Robertson took it back, and he and
Miss Robertson both "came back home."   They were
gone a year.   Mr. Robertson always had the land
assessed in his name but Miss Robertson paid a good part
of the taxes.   Mr. Robertson always managed it.
When he sold to Meinschmidt he was to pay her out
of the proceeds, the money she had expended on the
farm, and used there after coming home from Montana.

About three days after Mr. Robertson's death
Mr. Yowell, the nephew, came out to see her and she
gave him the deed to have it recorded as her brother
had told her.   Mr. Yowell then saw Mr. Jones, a lawyer,
who told him that the deed was not a proper deed, and
the quicker she could get around and get quitclaim
deeds the better.   Her nephew looked after this, and
most of the deeds were offered without any considera-
tion. She asked Mrs. Dora Wood, Mrs. Love and Mrs.
Blain what consideration they wanted, and they said
nothing; but she gave them $25 each.

Mr. R. C. Carpenter, before whom the deed was
executed and who took the acknowledgment, testified
that Robertson gave him as a reason for making it that
his sister had let him have some money and other

valuable things and he wanted to secure her or reimburse her for the outlay.

The court found for the defendants and dismissed the petition.

The only question suggested by the record relates to the delivery of the deed around which this contest is waged. If it was delivered to the grantee there can be no doubt the judgment of the trial court is right, and should be affirmed; otherwise, it must be reversed. The consideration of the question seems remarkably free from a difficulty which frequently characterizes such inquiries, for we have carefully examined the testimony without gathering from it any impression that the parties, irrespective of their personal interests, have not attempted to fully and fairly place before us the true facts. Neither can it be denied that the disposition made by the judgment of the trial court was the one intended by both the grantor and the grantee. Nor will the natural justice and propriety be questioned, of an arrangement by which the home acquired by the joint labor of this brother and sister, and in which they had laid the hearthstone around which the sentiment of their lives had been warmed into memories of each other, should remain to the one who would be left alone. The question is whether these parties have disregarded rules of conduct which the law has established to guard against the defeat of justice, and thereby caused the miscarriage of their own laudable purpose.

The question of the delivery of a deed is often a difficult one. It has been said that it may be shown by acts without words, or words without acts, or by both combined; and it may take place and the deed still remain in the possession of the grantor. [Bunnell v. Bunnell, 111 Ky. 566, and cases there cited; Burke v. Adams, 80 Mo. 504.] The underlying principle in all these cases is the expression of the intention of the parties that words or acts, or words and acts that fall

*Delivery of Deed.*

short of the actual transfer of the physical custody of and dominion over, the instrument, from the grantor to the grantee, beyond the power of the former to recall it, shall be considered equivalent to such transfer. When the actual tradition takes place, the delivery by the grantor into the hands of the grantee to serve the purpose for which it is made, there is no further use for fiction or construction. The instrument by that final act of its execution becomes "*ipso facto* the present deed of the party, which could not be if the deed were not in itself perfect and complete as an instrument according to the intention of the parties as gathered from the instrument itself." [Hicks v. Goode, 12 Leigh, 479.] As was said by this court through Judge Lamm, in Chambers v. Chambers, 227 Mo. 262, "delivery is the life of a deed." It is consummated when the grantor, to give it some effect, transfers his possession and dominion over it to the grantee, who receives and accepts it. Thenceforth the instrument speaks for itself, free from any conditions or limitations not written in or upon it. Its effect depends upon the law, with reference to which it is presumed to have been made and which the parties are presumed to have known. Its delivery, like its signing, has reference to and is coextensive with the instrument itself. It would be as reasonable to say that a promissory note had not taken effect by delivery because there was, as there frequently is in such cases, a contemporaneous understanding that payment was not to be exacted at maturity, but that it was to be renewed from time to time to suit the convenience of the maker. Such understandings are usually scrupulously kept, as was the understanding in this case; but in the meantime the instrument itself goes forth bearing the evidence of its own validity, as well as the rule of its own construction. The remarks of the New York Court of Appeals on this subject in Worrall v. Munn, 5 N. Y. (1 Selden) 229, 238, are instructive and interesting. It said: "The agree-

ment was in a perfect condition. It was signed and sealed by Prall. It was delivered on condition that it be subsequently approved by Prall. This was a delivery as an escrow: such a delivery can only be made to a stranger. It cannot be made to the party. If made to the party, no matter what may be the form of the words, the delivery is absolute, and the deed takes effect presently as the deed of the grantor, discharged of the conditions upon which the delivery was made; and where such a delivery is made, parol evidence of the conditions, being contrary to the terms of the deed, is inadmissible. Here the intent of Warner was to deliver the agreement to the appellant as an escrow. It was not handed to Henry Worrall as an unexecuted and imperfect paper. There was no direction to him to retain it and not to deliver it to the appellant until it was ratified by Prall. It was not left in his hands for a temporary purpose, and to be returned in case Prall did not assent to it, but it was delivered to Henry Worrall, as the agent of the appellant, as an executed and perfect instrument, on condition that Prall subsequently assented to it. Such a delivery was in law an absolute delivery. [Ward v. Lewis, 4 Pick. 520; Fairbanks v. Metcalf, 8 Mass. 238; Gilbert v. Ins. Co., 23 Wend. 45; Clark v. Gifford, 10 Wend. 313.]"

This grantor made, signed and acknowledged a general warranty deed, conveying the land in question to Miss Robertson. He gave it to her with the statement that it was hers; and said it would make her secure. That he intended that it would have some effect—accomplish some purpose—is too evident to afford a subject of intelligent discussion. That is enough; and, as we have already said, the law directs us to the deed for further information on that question. Whatever of restrictive understanding there was between them has been faithfully kept, and the law inter-

poses no obstacle to the accomplishment of the desire of both the living and the dead.

The judgment of the Phelps Circuit Court is affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All concur, *Bond, J.,* in the result.