ADA DOUGLASS et al. v. N. H. HAMMEL et al., Appellants.

ADA DOUGLASS et al., Appellants, v. N. H. HAMMEL et al.

Division Two, April 5, 1926.

1. **ADVANCEMENT:** Voluntary Conveyance: Recited Consideration. A substantial voluntary gift by a parent to his child, especially of land, is prima-facie an advancement; but this prima-facie presumption may be overcome by circumstances. For instance, it has been held (Lynch v. Culver, 260 Mo. 498) that where a deed of the parent conveying land to his child recites a consideration, the burden shifts to those who claim it was an advancement to show that it was a voluntary conveyance, and that no consideration was paid.

2. ———: Conveyance: Express Contract: Estoppel: Inconsistent Defenses. A defense based on an express contract between a father and son to the effect that a conveyance of land to the son was made and accepted upon the condition that the land was to be accepted in lieu of any further interest or share of the son in the father's estate, is inconsistent with a defense that the land was an advancement to the son. If the conveyance grew out of such express contract it was based on a valuable consideration, and therefore was not voluntary, and a plea that the son is estopped by the acceptance of the condition and the enjoyment of the land so conveyed is inconsistent with a defense that the conveyance or land was an advancement. To establish the express contract would require a different method of ascertaining the respective rights of the son and of his brothers and sisters in other lands owned by the father at the time of his death intestate from that which would be necessary to prove an advancement.

Douglass v. Hammel.

3. **CONVEYANCE: Consideration: Oral Contract: Relinquishment of Future Interest in Grantor's Estate: Proof.** The evidence necessary to prove an oral agreement that the consideration for land conveyed by a father to a son was a relinquishment of the son's interest in the father's other lands must be cogent and convincing. Admissions made to witnesses long before their testimony is taken is not convincing. Furthermore, the contract pleaded must be the contract proved. Nor is evidence admissible for the purpose of varying, amplifying or affecting the terms of the deeds, since all prior and contemporaneous oral agreements are merged into the written contract.

4. ————: ————: ————: ————: **Admissions.** Where a father conveyed lasd to his son and took back a quitclaim deed releasing to the father and his remaining heirs any interest the son might claim in the father's other lands, and both have died intestate, and the children of the son bring suit against his brothers and sisters to establish their inheritable interest in their grandfather's remaining lands, a defense based on an oral contract to the effect that the son, in consideration for the deeds, accepted the land and relinquished his interest in his father's remaining lands in lieu of such an education as was given his brothers and sisters, is not established by evidence that the father, having become impatient with the son for the way in which he managed his business, said to the son that the land was all he would get; that he had received his part, and that the other boys had taken an education and he had taken land. Such evidence, even if admissible, does not tend to prove the contract alleged or any kind of contract; and if it refens to an agreement made when the deeds were exchanged, it was not admissible, because of the rule that all prior and contemporaneous oral agreements are merged in the written contract, and cannot vary or amplify the terms of the deed.

5. ————: ————: **Relinquishment of Future Interest in Grantor's Estate; Quitclaim Deed: Estoppel.** Where a father by warranty deed conveyed lands to his son, and the son simultaneously executed a quitclaim deed by which, for the same expressed consideration of five hundred dollars, relinquished, he released and forever quitclaimed to the father "and to his remaining heirs" certain other described lands, there was no relinquishment by the son of all interest that might accrue to him as an heir upon his father's death. The usual quitclaim deed conveys nothing the grantor does not own, and unless it contains, in addition, some language that gives it the character of a warranty or a covenant running with the land it operates neither as an estoppel nor as a contract to relinquish a prospective interest.

Douglass v. Hammel.

6. ———: ———: ———: Effect upon Grantee's Children: Descents.
The children of a deceased son, who died before his own father,
do not acquire their interest in their grandfather's lands from
their father, but directly from their grandfather upon his death;
and therefore they are not affected by any contract made by their
father with their grandfather by which their father attempted to
relinquish any interest he might have in their grandfather's lands.
Where a son releases his expectancy in his father's estate and dies
before the father, his release does not affect the claims of his chil-
dren in the grandfather's estate. If a quitclaim deed made by a
son to his father "and to his remaining heirs" could be construed
to be a release by the son, for a sufficient consideration, of all his
claims upon his father's estate, it does not, where the son died
first, affect the rights of the son's children to inherit directly from
their grandfather upon his death.

Descent and Distribution, 18 C. J., Section 17, p. 817, n. 23; Section
117, p. 867, n. 55; Section 125, p. 872, n. 21; Section 129, p. 874, n. 69, 72,
76; Section 255, p. 932, n. 88; Section 258, p. 933, n. 96; p. 935, n. 18.
Estoppel, 21 C. J., Section 48, p. 1082, n. 30.  Evidence, 22 C. J., Section
1487, p. 1121, n. 98.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C.
Walker,* Judge.

AFFIRMED.

*Smith & Zimmerman* for appellants.

(1)   The trial court erred in finding and decreeing,
after finding that the father and son entered into the
contract alleged, that plaintiffs were not estopped from
claiming an interest in the land in suit, and in finding and
decreeing that plaintiffs were the owners of an undivided
one-fifth interest in the land in suit, because:   (a)   The
quitclaim deed from Van B. Rice and wife to David Rice
and the remaining heirs of David Rice operates as an es-
toppel against the plaintiffs.  Schneider v. Schneider, 284
Mo. 214; Buckner v. Amer, 120 N. E. 437; Hogensick v.
Carton, 53 Nebr. 495; Martin v. Martin, 222 S. W. (Tex.)
291; 21 C. J. p. 1082, sec. 48.   (b)   There is ample evi-
dence to support the finding of the court that the father

and son entered into a contract whereby the son agreèd not to inherit in the balance of the father's land if the father would give him the farm which was deeded to him. Brown v. Holman, 238 S. W. 1067; Fisher v. Davidson, 271 Mo. 204; Lynn v. Hockaday, 162 Mo. 124.   (2)   The quitclaim deed from the son to the father, if insufficient as an instrument of conveyance, and if insufficient to work an estoppel against plaintiffs, is competent evidence of the alleged agreement and may be considered, with other evidence in the case, in determining whether or not the contract, as alleged, was made.   Kerr v. Smiley, 239 S. W. 503.   (3)   In construing the deeds offered in support of the contract, all the facts and circumstances surrounding the parties at the time may be considered.   Tennyson v. Walker, 190 S. W. 12; Healey v. Simpson, 113 Mo. 340.   (4)   If there is substantial evidence to support the finding of the court that the contract alleged was made, and his finding is not against the weight of the evidence, this court will defer to and not disturb the finding of the chancellor.   Craddock v. Jackson, 233 S. W. 929.   (5)   The contract entered into between the father and the son was fully performed on the part of the father, and the son, if living, would be estopped from claiming the land in suit; and, likewise, the plaintiffs, as children and heirs of Van B. Rice, the son, are estopped from claiming an interest in the land.   Estate of Wm. G. Williamson, 62 Mo. App. 350; Johnson v. Autriken, 205 Mo. 244; Thistle v. Buford, 50 Mo. 281; Schneider v. Schneider, 284 Mo. 314; Hubbard v. Slavens, 218 Mo. 621; McFarland v. McFarland, 211 S. W. 27; Horton v. Troll, 183 Mo. App. 690; Ming v. Olster, 195 Mo. 472; Martin v. Martin, 222 S. W. (Tex.) 291; 21 C. J. 1110, sec. 110; 13 C. J. 713, sec. 822.

*John T. McKay* and *L. R. Jones* for respondents.

(1)   The answer of the defendants having converted this cause into an action in equity, the Supreme Court on

appeal will make its findings and render its judgment upon the competent evidence adduced at the trial and will ignore the incompetent evidence admitted. Pfotenhauer v. Ridgeway, 271 S. W. 50. (2) The court erred in admitting all of the oral evidence as to the intention of Van B. Rice and David Rice in the exchange of deeds in 1883, for the reason that such deeds were plain and unambiguous on their face, and. required no parol testimony to give them their legal effect. Bloker v. Foley, 193 S. W. 561; Tygard v. Hartwell, 204 Mo. 205; Northrip v. Burge, 255 Mo. 668; Miles v. Robertson, 258 Mo. 725; 17 Cyc. 613. (a) All prior oral agreements and stipulations relative to the entering into of a contract are merged into the written instrument as executed by the parties, and no parol testimony is admissible to contradict, vary or modify the plain and unambiguous language employed in the written contract. Feren v. Inv. Co., 196 S. W. 435; Farmers State Bank v. Sloop, 200 S. W. 304; Gimbel Bros. v. Mitchell, 219 S. W. 676. (b) The proof adduced by the defendants to support their plea conclusively showed a different contract from the one pleaded. Hayworth v. Hayworth, 236 S. W. 26; Hinkle v. Hinkle, 236 S. W. 30. (4) The plaintiffs inherited directly from their grandfather David Rice, their father Van Rice having predeceased their grandfather; Van Rice never acquired any title to the property involved; and the learned trial court, in its finding that plaintiffs have an undivided one-fifth interest in the land involved in this controversy, was clearly correct. Barnum v. Barnum, 119 Mo. 63; Wattenbarger v. Payne, 162 Mo. App. 437; Sec. 303, R. S. 1919; Green v. Irvin, 274 S. W. 684. (3) The deed from Van B. Rice and wife to his father David Rice, being a mere quitclaim and not stating that it conveyed his interest as an expectant heir to the estate of his father, did not operate to convey any after-acquired title of the said Van B. Rice had he outlived his father; nor did the execution of said quitclaim deed estop the said Van B. Rice had he been living at the date of his father's death. Braw-

ford v. Wolfe, 193 Mo. 391; Stoepler v. Silberberg, 220 Mo. 267; Bloker v. Foley, 193 S. W. 561; Mosier v. Carter, 84 Kan. 361, 35 L. R. A. (N. S.) 1182; Lewis v. Shearer, 189 Ill. 184; Glover v. Condell, 163 Ill. 566, 35 L. R. A. 371; Blanks v. Craig, 72 Ark. 80; Clendenning v. Wyatt, 54 Kan. 523, 33 L. R. A. 286; McClure v. Raben, 9 L. R. A. 479; Snyder v. Snyder, 235 S. W. 743.

WHITE, J.—These two cases represent cross-appeals in the same case. The plaintiffs brought suit in the Circuit Court of Dunklin County, their petition in two counts, the first to determine title to a tract of land consisting of 165 acres in Dunklin County and the second seeking partition of the land.

The plaintiffs are the children and heirs of Van B. Rice, who died intestate in November, 1906. He was the son of one David Rice who survived him and died in December, 1910, leaving a widow, who died in 1918, and four living children. The defendants claim by conveyances from the four children who survived David Rice. The plaintiffs, as the heirs of Van B. Rice, claim an undivided one-fifth interest in the land, on the ground that they, the grandchildren of David Rice, inherit the share which would have belonged to their father had he outlived their grandfather.

The answer filed by the defendants alleged that in 1883 Van B. Rice, then a minor, was married; that his father, David Rice, owned the land in controversy here and a tract consisting of 72.5 acres situated in Dunklin County, which he conveyed to Van B. Rice on condition that Van B. "would accept the same as his share of his father's estate and relinquish his right to inherit any part or portion of the balance of the land owned by David Rice." That on December 13, 1883, the agreement was consummated and David Rice and his wife conveyed to Van B. the tract of 72.5 acres, and Van B. and his wife by a quitclaim deed relinquished to David Rice and his remaining heirs and assigns the land described in the

petition; that Van B. went into possession of the land conveyed to him and occupied it until his death, and after his death it was occupied and enjoyed by the plaintiffs. That thus Van B. Rice received more than his share of his father's estate in consideration of his agreement to relinquish further rights, and therefore plaintiffs are estopped to claim any further right, title or interest in the land in dispute. The answer then prays for a decree accordingly.

For further answer to the first count of the petition, it is alleged that Van B. Rice held and occupied the land which was granted to him in his lifetime by his father, as an *advancement,* and that the plaintiffs should be estopped from asserting any further claim to the estate.

The answer to count two is a general denial.

To the answer the plaintiffs filed for reply a general denial; they also denied that David Rice made any advancement of any kind to their father, but prayed that, if the court should find that such advancement was made to Van B. Rice, the value of the property conveyed to him might be taken into account and the value thereof charged to the interest of the plaintiffs in partitioning the land described in the suit. The reply denies each and every allegation of the answer except that admitted.

After the trial, on February 12, 1923, the Circuit Court of Dunklin County rendered a decree and found as a fact that the contract set up in the defendants' answer was proven by the evidence, but held that the plaintiffs had a right to recover because they were not bound by the contract of their father and inherited directly from their grandfather under the Statute of Descents.

The plaintiffs thereupon filed a motion asking the court to modify the judgment as to the finding that the contract alleged had been established. That motion was overruled. The defendants then appealed in due form from the judgment of the court in favor of the plaintiffs, and the plaintiffs appealed from the order of the court overruling their motion to modify. Hence the two appeals.

There is no dispute as to the facts.  The controversy turns entirely upon the admissibility of evidence offered by defendants in support of their answer upon the arrangement whereby David Rice conveyed the 72.5 acres to his son and his son conveyed his interest in his father's estate, and the construction of the law applicable to those facts.

I.  The question arises whether the conveyance by David Rice to Van B. Rice in 1883 was an advancement, with the effect which would follow a transaction of that character.  It is a general rule that a substantial voluntary gift by a parent to a child, especially of land, is prima-facie an advancement.  [Ray v. Loper, 65 Mo. 470; Lynch v. Culver, 260 Mo. 1. c. 497; Houghton v. Jacobs, 246 S. W. 285.] This prima-facie presumption may be overcome by circumstances.  It was said in the case of Lynch v. Culver, supra, 1. c. 498, that, where the deed recites a consideration, the burden is shifted to those who contend that it was an advancement.  They must show that it was a voluntary conveyance.  In this case the recited consideration in the conveyance from David to Van B. Rice was $500.  The defendants claim the evidence shows there was no such consideration paid.  Van B. at the time was a minor and evidence offered by the defendants tends to show that the land was given him in lieu of an education, which was given to the other children.  An education is something which a parent is bound to give to a minor child and the character of advancement would not attach to it.  [1 R. C. L. p. 659.]  We are, however, relieved from determining this question, because, we gather from the findings of the trial court and the oral argument that the defendants abandoned any claim of right to a decree on the theory that the conveyance to Van B. Rice was an advancement in the strict sense of the term.  The defendants base their case upon an express contract by which, they say, Van B. Rice relinquished his interest in his father's estate for a valuable consideration, and is

*Advancement: Express Contract.*

estopped to assert otherwise; a claim inconsistent with the theory that he has received a portion of his inheritance by way of advancement. Apparently the value of the property received by Van B., if considered as an advancement, is less than the value of the interest he sues for. To establish that proposition would require a different method of ascertaining the plaintiffs' and the defendants' respective rights from that which would be necessary if the alleged contract is established. Therefore, the two defenses are inconsistent. This becomes important in considering the points determined below.

II. The defendants must depend upon the contract alleged in their answer. The evidence offered in support of the contract, besides the two deeds, the warranty deed from David Rice to his son Van B. and the quitclaim deed by Van B. to his father, executed on the same day, consists of alleged admissions made by Van B. and conversations between him and his father.

One W. D. Wright testified that after Van B. had got his deed and moved on the land, witness had a conversation with him. Van B. had a notion of running for county clerk and the witness asked him if he thought he had education enough. Van B. said, "I do not know, but I will hire a man that has. I see now where I failed in not taking an education instead of land." Then Van B. explained that his father wanted him to get an education, but he wanted to marry and have a farm, and his father gave him the land, evidently referring to the seventy-two acres. Another witness, a Mrs. Williams, testified that about twenty-five years before the trial, which would be fifteen years after the deeds were exchanged, she heard a conversation between Van Rice and David Rice in which David said he did not want Van to sell the land, and told his son that he could sell it, and the sooner he would run through with it the sooner it would be done with, but "that was all he would ever get." The witness stated further that she heard Jane Rice, the mother, tell Van Rice that they had given him his part; that that was all

he would get; that the other boys had taken an education, and Van had taken the land.

One Andrew Mills testified to a conversation between Van and his father, and David Rice said: "Well, Van, if you had took my advice and stayed on the farm you would have saved us all this trouble," speaking of a note which he had paid off for Van. "I give you about forty acres more land than I did the rest of the heirs; you wouldn't take no education and I give you that much more and that protection," and Van said, "Well, I know that's true, father, but the boat has left me now."

Another witness, Mr. D. K. Killiam, testified that he heard Van say that he had to fix the fence; his father had given him the place, and he had to fix the fence.

That was all the evidence offered in support of the allegations in the answer regarding the oral contract. To sustain a contract of that kind the evidence must be cogent and convincing. Evidence of admission in relation to it, made long before the testimony is taken, is far from convincing. [Kinney v. Murray, 170 Mo. l. c. 707; Gipson v. Owens, 286 Mo. l. c. 47; McCune v. Graves, 273 Mo. 589.] Furthermore, the contract pleaded must be the contract proved. [Walker v. Bohannon, 243 Mo. l. c. 137; Hinkle v. Hinkle, 236 S. W. 30; Heller v. Jentzsch, 303 Mo. 447; Hersman v. Hersman, 253 Mo. 175.]

The effect of the evidence offered, if it be given credence, merely shows that Van B. Rice was given the seventy-two acres in lieu of an education. The other children got the education. There is nothing said in any of the admissions made by Van Rice that he was to relinquish all interest in his father's estate in consideration for the seventy-two acres. All that was said in relation to that was what the witness Mrs. Williams stated when David Rice told Van that when he had run through with his farm, that was all he would get, and the statement of Van's mother, Jane Rice, when she said to him that they had given him his part and that was all he would get, that the other boys had taken an education and Van had taken land. None of these conversations refer to a con-

tract whereby Van Rice took the land for the considera-
tion alleged. When his parents were out of patience
with him for the way he managed his business, they ad-
monished him that he had received all he would get, not
on account of a contract to that effect, but on account of
his conduct. Not only did the evidence fail to prove the
contract alleged, but it did not tend to prove any kind of a
contract. We have reached this conclusion, assuming
that the evidence offered and admitted by the court in
that matter was competent. The most that can be said of
those statements testified to, is that they refer to an
agreement between father and son when the deeds were
exchanged. If such evidence is not to be considered by it-
self, but as part of the arrangement entered into when
the deeds were exchanged, as supplementing the quit-
claim deed and the warranty deed, then, it was not ad-
missible, because of the principle that all prior and con-
temporaneous oral agreements are merged into the writ-
ten contracts. [Elliott v. Winn, 305 Mo. l. c. 114; Koob v.
Ousley, 240 S. W. 102; Bubach v. Musick, 256 S. W. 116.]
None of that evidence was admissible for the purpose of
varying, amplifying, or affecting the terms of the deeds.

III. What was the effect of the two conveyances
executed in 1883? The deed from David Rice and Jane
Rice to Van B. Rice is merely a general warranty in form,
and conveys the 72.5 acres for a recited consideration of
$500.

The quitclaim deed from Van Rice and his wife to his
father is in the usual form of a quitclaim deed, recites a
consideration of $500 for which the grantor quitclaims,
with this peculiar clause: "Unto the said David Rice,
party of the second part, and to his remaining heirs and
assigns (I Van B. Rice, one of the parties of the first
part, being a lawful heir of David Rice, party of the sec-
ond part) the following described lots, tracts or parcels
of land," etc.

It is not disputed that a deed of that character does
not operate to convey an after-acquired title, which would

inure by estoppel. [Brawford v. Wolf, 103 Mo. l. c. 397; Bloker v. Foley, 193 S. W. 561; Stoepler v. Silberg, 220 Mo. l. c. 269; Gibson v. Chouteau, 39 Mo. 536; Senter v. Lumber Co., 255 Mo. 605.]

But, it is argued, the fact that the two conveyances were made at the same time with the same recited consideration and that the quitclaim deed is from Van Rice to his father and his *remaining* heirs, Van Rice being one of the heirs, means that he was paid to relinquish to his father all the interest that might accrue to him as an heir on his father's death. We fail to see how that works an estoppel, or how it shows a contract not to claim any interest in his father's estate. A quitclaim deed conveys nothing that the grantor does not own. It is argued that Van B. intended to convey whatever interest he had or expected to have in the land to his father and the other heirs, excluding himself from participating in the inheritance. But that conclusion would have to be established by the deed, which must be construed according to its terms. It purports to convey nothing but a present interest. The intention must be gathered from the language used and not from what the grantor may have intended to say. [Wilhite v. Wilhite, 224 S. W. 448; Miles v. Robertson, 258 Mo. 725.] The language mentioned contains nothing which may be construed to be a covenant. It is merely a quitclaim deed with some expressions in it which are insufficient to deprive it of that character or give it the character of a warranty or a covenant running with the land.

IV. The plaintiffs under the Statute of Descents do not acquire their interest in the land from their father, but directly from their grandfather. [Barnum v. Barnum, 119 Mo. 63; Hockaday v. Linn, 200 Mo. l. c. 470; 18 C. J. 817.] Therefore they would be unaffected by any contract which their father had made with their grandfather. The deed of a deceased father, who dies before the grandfather, cannot be offset against the grandchild's claim in the grandfather's estate. [Adams v. Yancey,

47 L. R. A. (N. S.) 1026.] In that case the contrary is held, but a copious note shows that the general doctrine is in accord with the Missouri cases last cited. The defendants cite Estate of Williams, 62 Mo. App. 350, and Johnson v. Antriken, 205 Mo. 244, where it is held that when a father receives *advancements* and dies before the grandfather, the advancements must be taken into consideration in determining the shares of such grandchildren. That is an exception to the general rule. The children take *per stirpes* and therefore advancements to their ancestor are considered as advancements to them. See L. R. A. 1917 C, l. c. 268, where in a copious note cases upon that point are collated, and on page 267 the general doctrine is stated as above, if there are *no* advancements. The authorities hold that where a son releases his expectancy and dies before his father dies, it does not affect the claims of the grandchildren. See 1 Ann. Cases, 1037, where numerous authorities are noted, showing weight of authority sustains that proposition. So here, even if the quitclaim deed could be construed to have an effect that Van B. Rice, for a sufficient consideration, released all claims in his father's estate, it would not affect the rights of his children to inherit from their grandfather direct, because this is not a matter of advancement, or distribution of shares of the estate, but a matter of *contract*. Defendant must stand or fall by the alleged contract. They do not rely upon *advancements*, upon the theory that plaintiffs' father received his share in the grandfather's estate, but upon an agreement, for a consideration, to *relinquish* his inheritance, an agreement which they have failed to prove.

The judgment is affirmed. All concur.