(No. 24692.—

EFFIE BULLINER RUSSELL, Appellant, *vs.* J. F. BULLINER, Admr., Appellee.

*Opinion filed December 15, 1938—Rehearing denied Feb. 8, 1939.*

WARFORD & FRANKLIN, for appellant.

H. L. ZIMMERMAN, and STONE & FOWLER, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Frederick L. Bulliner and Effie, his wife, executed their promissory note for $790, dated July 1, 1918, payable to John L. Bulliner, Frederick's father. The son died June 19, 1923, intestate and insolvent, leaving the note unpaid. John L. Bulliner died intestate, June 15, 1932. The administrator of his estate took credit in his final report for $1051.98, the amount then due on the note, and charged

that amount against the distributive share due the guardian of Fred and June Bulliner, Frederick L. Bulliner's minor children. Their guardian, the appellant, excepted to this item but the county and circuit courts of Williamson county overruled the exception. The Appellate Court for the Fourth District affirmed this ruling and the case is before us for further review on certificate of importance.

The sole question presented is: Can a debt due from a deceased father be charged against his children's share of the personal property belonging to the estate of their grandfather who died intestate after his son's death?

In Illinois the descent of property in intestate estates is governed wholly by statute. Section 1 of the Descent act (Ill. Rev. Stat. 1937, chap. 39, sec. 1) provides: "That estates, both real and personal, of residents and non-resident proprietors in this State dying intestate, or whose estates or any part thereof shall be deemed and taken as intestate estate, after all just debts and claims against such estate are fully paid, shall descend to and be distributed in manner following, to-wit: First—To his or her children and their descendants, in equal parts; the descendants of the deceased child or grand-child taking the share of their deceased parents in equal parts among them."

No Illinois decision in a case involving personal property, alone, has been called to our attention. The courts of last resort in other States have held divergent views in similar cases and in construing similar statutes. Decisions holding that the debt of the father to the grandfather may be charged to the distributive share of the grandchildren are *Head* v. *Spier*, 66 Kan. 386, 71 Pac. 833; *Adams* v. *Yancy*, 105 Miss. 233, 62 So. 229, 419; *Batton* v. *Allen*, 5 N. J. Eq. 99; *Martin* v. *Martin*, 56 Ohio St. 333, 46 N. E. 981; *Hughes' Appeal*, 57 Pa. 179. Decisions that such a deduction cannot be made are *Wells* v. *Wells*, 6 Ky. L. Rep. 216, *Morgan's Succession*, 23 La. Ann. 290, *Kendall* v. *Mondell*, 67 Md. 444, 10 Atl. 240, *Barnum* v. *Barnum*, 119

Mo. 63, 24 S. W. 780, *Stokes* v. *Stokes*, 62 S. C. 346, 40 S. E. 662, *Powers* v. *Morrison*, 88 Tex. 133, 30 S. W. 851.

In *Ellis* v. *Dumond*, 259 Ill. 483, we held that grandchildren took the real estate there in question by descent from their intestate grandfather, free from any lien for the debt which their deceased father owed him. At page 489 we said: "Henry P. Dumond having died prior to the death of his father never had any interest in these lands. The children of Henry P. Dumond are not personally liable for his debts or for any judgment which was secured against his estate. Not being liable for the debts of their father, we know of no theory upon which their interest in these lands can be subjected to the payment of the balance due on this claim."

The appellee relies on what we said in *Simpson* v. *Simpson*, 114 Ill. 603, but that case involved an advancement of real estate, and for that reason is not in point. The appellee also relies on *Crowley* v. *McCambridge*, 154 Ill. App. 135, and *Doubet* v. *Doubet*, 196 id. 289, but those cases also involved advancements and are for the same reason inapplicable.

Section 8 of the Descent act provides: "If a child or other descendant so advanced, dies before the intestate, leaving issue, the advancement shall be taken into consideration in the division or distribution of the estate of the intestate, and the amount thereof shall be allowed accordingly by the representatives of the heirs so advanced, as so much received towards their share of the estate, in like manner as if the advancement had been made directly to them." It will be noted that no mention is made of a debt due to the intestate and, therefore, the rule of *expressio unius exclusio alterius* applies.

The appellee contends that in computing the amount due the grandchildren from their grandfather's estate, his administrator should have the right to deduct a debt due his intestate from his deceased son. The reason urged is that,

unlike real estate, personal property passes to the administrator. The effect of this would be to construe section 1 of the Descent act to mean that children or grandchildren are made debtors, at least to the extent of their inheritance, and regardless of their minority. This is directly opposite to what we said in *Ellis* v. *Dumond, supra,* and there is no sufficient reason why this should be so where personal property, alone, is involved, instead of real estate. The administrator's authority over personal property extends only to the use of it in payment of debts and claims, and when all such indebtedness is paid, together with the costs of administration, the title to the remaining personal property and money is in the heirs of the intestate unaffected by the debts owed by their immediate ancestor who predeceased the administrator's intestate.

Section 1 of the Descent act defines the *quantum* of the estate that the grandchildren will take from their grandfather. If the appellee's contention were sustained it would follow, logically, that their share in the estate would be subject to the debts due from their immediate ancestor to his general creditors. In *Ellis* v. *Dumond, supra,* we pointed out that the immediate ancestor never owned the land but that the title passed by descent from the grandfather to the grandchildren. In the case before us Frederick L. Bulliner died first and never had any interest in the estate of his father. The distributive share of John L. Bulliner's minor grandchildren was in no way affected by the debt due from Frederick L. Bulliner to his father, and the judgments of the county and circuit courts and the Appellate Court were erroneous.

The judgments of the Appellate Court and the circuit court are reversed and the case is remanded to the circuit court of Williamson county, with directions to sustain the guardian's exception.

*Reversed and remanded, with directions.*