COKER *vs.* PITTS.

[SALE OF SLAVES BY PROBATE COURT FOR PARTITION.]

1. *When sale for partition may be decreed.*—Under the act of February 5, 1856, (Session Acts 1855-6, p. 20,) an order for the sale of slaves, for partition among the several joint owners or tenants in common, should not be granted by the probate court, on the application of the guardian of infants, without proof that the sale would be to the interest of the infants; but, when the application is made by adult part-

owners, such proof is not necessary, although some of the parties interested are infants.

APPEAL from the Probate Court of Tallapoosa.

WM. H. BARNES, for appellant.
McCRAW & OLIVER, contra.

STONE, J.—The present application, for the sale of slaves for division, was made under the act approved February 5th, 1856, which act was amendatory of the act approved February 15th, 1854, and of section 2677 of the Code.—See Pamphlet Acts of 1855–6, p. 20; Acts of 1853–4, p. 7. The petitioners in this case were not guardians of *infants*, or *persons of unsound mind*; but petitioned in their own right, they being adults. The proof taken in the cause conclusively shows, that an equitable "partition or division" of the slaves can not be made without a sale; but it is not shown, that it would be to the interest of the infants, who are part-owners of this property, to sell the same. It is here contended, that the order of sale should not have been granted in the absence of such proof. In support of this position, the appellants rely on the 5th section of the act of February 5th, 1856, which declares, that, "before granting any application under this act, the said judge of probate must be satisfied by evidence, taken as in chancery cases, that an equitable partition or division can not be made; and, when the application is by the guardian of any one or more of the infants or persons of unsound mind, the judge of probate must not only be satisfied that such property can not be equitably divided, but that it would be to the interest of such infants or persons of unsound mind to sell the same for the purpose of partition and division."

This argument can not be maintained. It runs counter to the express language of the statute, and to the familiar maxim of the law, *inclusio unius est exclusio alterius.* Moreover, there is strong reason for requiring proof that the interest of the infants would be promoted by a sale,

*when the guardian is the actor in the proceedings.* In such case, the guardian alone manifests a wish to sell ; and sound policy would dictate that his wish should not be gratified, unless it would be to the interest of the infants to sell. The case is quite changed, when adult part-owners ask a sale for division. Their interests are co-equal with those of the infants. Their right to have the possession of their property, and to have their wishes in the premises gratified, is to be respected equally with the interests of the infants. It would be monstrous to hold, that adult part-owners should be kept out of the enjoyment of their property, merely because other part-owners were infants, and the interests of such infants did not require that the property should be sold.

Judgment of the probate court affirmed. Let the costs of this appeal be paid by the appellant, Thomas J. Smith.