## A. J. ALBRIGHT vs. Z. T. FLOWERS, et al.

1. CHANCERY PRACTICE: *Amended bill. Citations.*
It is not necessary to summon the defendants to an original bill, who are already before the court, to answer an amended bill, which does not vary or affect their rights.

2. PARTITION: *Code of 1871, § 1829.*
This section of the Code authorizes the court to order a sale of land for division, when the commissioners appointed to make partition report that the land is not susceptible of partition fairly and equally. And this applies as well where some of the parties interested are infants, as in other cases.

3. SAME: *Right of parties.*
A party has no right to complain for others of errors, which, if they existed, in no way affect his rights.

APPEAL from the Chancery Court of *DeSoto* County.

Hon. J. N. CAMPBELL, Chancellor.

The facts in this case appear in the opinion of the court.

It is assigned for error:

1. In proceeding in the case to a decree ordering a sale, before the *Albright infants* were before the court by process served.

2. The parties defendant to the amended bill were not brought before the court by notice, process served, or publication made and proved.

3. No guardian *ad litem* was appointed to answer the amended bill but for one of the eight minors.

4. A decree of sale of the lands was taken against infants, without proof that said lands could not be divided in kind.

5. The commissioners appointed to divide the land did not take the oath prescribed by the statute.

*Watson & Watson*, for appellant:

1. It is error to decree against infants without process served on them. See Code, 1871, § 1006. Section 704: "*If the defendant be an infant, process shall be served upon him personally.*" The Albright infants were never served with process. Stanton *v.* Pollard, 2 Cush., 154; Prewett *v.* Land, 36 Miss., 495; Price, et al. *v.* Crone, 44 ib., 571.

3. That all the minors should have answered the amended bill by *guardian ad litem*. See Code, 1871, § 1817. This section provides that, in proceedings for partition, "every minor shall also be represented by a discreet and lawful guardian *ad litem*. McAllister *v.* Moye, 30 Miss., 258. The agreement of an infant' to appear by attorney is a nullity; he can only appear by guardian. Lee *v.* Jenks, 30 Miss., 592. "An infant has no power to waive a copy of the process required by law to be served upon him." Winston *v.* McLowden, 43 Miss., 254.

4. It is error to take a decree in any case against infants, except upon proof. Hargrove *v.* Martin, 6 S. & M., 61. Proof before decreeing partition is expressly required. Code, 1871, §§ 1818, 1819.

5. The commissioners did not take the oath prescribed by the statute. See oath taken, and oath required. Code, 1871, § 1822. This clause of statutory oath omitted: "*and in all things perform the trust conferred upon them to the best of their skill and ability.*"

*White & Chalmers* for appellees:

To the 5th assignment the reply is, that the oath taken by both sets of commissioners is a substantial and almost literal compliance with the words of the Code. See oath, and Code, 1871, § 1822.

As to the 4th assignment of error—that the decree was taken against infants without proof—we reply: If proof was necessary, the presumption of this court must be that it was made. In courts of competent jurisdiction all things are presumed to be rightly done. There is no requirement that the proof shall be written; if it was essential, the presumption must be that it was made orally in open court. The statute points out the mode in which this point must be settled, to wit: by the report of the commissioners, duly appointed and reporting under oath. No other proof can be necessary—no other can be heard except upon exceptions filed to said report. There were no exceptions filed in this instance.

Where a proceeding for partition or sale for division of land has been carried entirely through, decree passed, sale made and reported, and, when it comes up for confirmation, it is discovered that some necessary party has been omitted, is it essential, in filing a supplemental bill, which has for its sole object bringing the omitted parties before the court, that the parties to the original petition shall be cited again, and all the formalities gone through with them just as if they had never been in court before? The first decree of sale was regular in all respects except that two of the Albright heirs were treated as minors when they were adults, and except that the wife of David Strickland was made a defendant, instead of his children. The supplemental petition embraces all the parties named in the original petition. *Pro confesso*, taken as to the Albrights and answer of guardian *ad litem* of the Strickland heirs— was this error? Could the land be divided? This had been settled in the negative. The parties to the original bill had no interest in the supplemental matter. Story's Eq. Pl., 343. It constitutes no error that they were not served with process.

CAMPBELL, J., delivered the opinion of the court.

A bill was exhibited by some of the heirs of Henry Flowers, deceased, to obtain partition or sale of land descended from him. The proceeding is under chapter 26, of Code of 1871. The bill shows that one of the heirs of Henry Flowers had sold his interest in the land and conveyed it to Sophia Strickland. All parties shown by the bill to be interested were brought in by service of process or publication. A decree was made appointing commissioners to make partition of the land as prayed for. These commissioners reported to the court the impossibility of making partition fairly and equally, without impairing the value of the land, and thereupon the court ordered the land sold, and proceeds to be divided between those entitled thereto ; and the sale was made and reported to the court, when A. J. Albright, the appellant, now appeared and objected to a confirmation of the sale, and represented that he

and his brother, George Albright, were adults, and not infants, as they had been regarded and treated; and that it was not true that Sophia Strickland was the purchaser of the interest of Henry Flowers, one of the heirs in said land, but that David Strickland had purchased and owned said interest of Henry Flowers, and had died, and descent was cast upon his heirs, whose names and places of residence are given. A guardian ad litem had been appointed for A. J. Albright and George Albright, and had answered for them. Upon this presentation the court refused to confirm the sale which had been made and reported, and set it aside, and the decree formerly made, and allowed A. J. Albright and George Albright to file answers to the bill, and gave complainants leave to amend their bill so as to bring in the heirs of David Strickland, now appearing to have an interest in the land. A. J. Albright did file his answer. Complainants exhibited a bill under the leave granted, which sets forth the foregoing history of the cause. All the parties to the first bill are named in this. An appearance was entered by solicitors for the heirs of David Strickland, and for others named to the amended bill. The cause progressed to a decree appointing commissioners to make partition, and they reported, as the other commissioners had done, the impossibility of partition fairly and equally, and thereupon a decree of sale was made, and from this decree A. J. Albright appealed.

His first assignment of error is that the court proceeded to a "decree before the Albright infants were before the court by process served."

The record shows that process was personally executed on the Albright infants and on their father. This was a summons to answer the original bill. This assignment is based on a mistake as to the fact it assumes, and is not well taken.

The second assignment is "that the parties defendant to the amended bill were not brought before the court by notice, process served, or publication."

It is true that those who had been properly made defendants to the original bill were not again summoned or cited by pub-

lication, but that only the heirs of David Strickland, and A. J. Albright and George Albright, who had been regarded and. treated as minors in the former proceeding, were served with process under the amended bill. As the new bill did not, in the slightest degree, propose to vary or affect the interest of defendants to the original bill, it was not necessary that they should be summoned to answer the amended bill, under which their rights remained just as before, and the sole object of which was to bring before the court those who held an interest which, in the original bill, had been stated as belonging to Sophia Strickland. She was made a party to the amended bill by an appearance entered for her by solicitors. Those defendants to the original bill who were before the court cannot be heard to complain of not being summoned to answer a bill which did not touch their interests. Story's Eq. Pl., § 343.

The 3d assignment is that "no guardian *ad litem* was appointed to answer the amended bill for but one of the eight minors." The remarks made by us under the 2d assignment dispose of this. All the minors who were made defendants to the original bill were represented by a guardian *ad litem*, properly appointed. We do not understand that any complaint is made of the appointment of the guardian *ad litem* for Bolivar Strickland, the only infant brought in under the amended bill. The 4th assignment is that the "decree for a sale of the land was taken against infants, without proof that said lands could not be divided in kind." This is not error. The statute, § 1829, Code of 1871, authorizes an order of sale upon the report of the commissioners, appointed to make partition, that it is impossible to make partition fairly and equally, and this applies as well where some of the parties interested in the land are infants as in other cases. The 5th assignment is that the "commissioners appointed to divide the land did not take the oath prescribed by the statute." We think the oath taken sufficient, and find no error in this.

Beyond all this, we think the appellant has no right to com-

plain for others of errors, if they existed, which in no way affect his rights.   He was served with summons issued on the original bill.   After the first decree of sale, and the sale under it and its report, he appeared and upset the proceedings and put in his answer, and thus became a party, and was bound by the subsequent decree for partition and for sale, when it was reported by the commissioners that it was impossible to divide the land.

The decree is affirmed.

Judge CHALMERS, having been of counsel, takes no part in this decision.