SARAH J. DICKSON *et al.* Appellees, *vs.* BASDELL DICKSON
*et al.* Appellants.

*Opinion filed February 20, 1908.*

1. PARTITION—*partition need not be had as to all tracts held in
co-tenancy.* While a bill for partition should always embrace the
whole of some one tract held in co-tenancy, yet it is not essential
to the right of the complainants to have partition of one tract held
in co-tenancy, that other distinct tracts, also held in common, should
be included in the partition proceeding.

2. SAME—*when a cross-bill for partition is properly dismissed.*
Where a bill by the widow and certain heirs for partition and as-
signment of dower embraces all the land to which the ancestor
held the legal title at his death, a cross-bill which seeks to estab-
lish a trust and have partitioned a tract of land the legal title to
which is held by the widow is properly dismissed.

3. SAME—*when motion to vacate decree and for leave to amend
is properly denied.* A motion to vacate a partition decree and for
leave to amend the answer and cross-bill of part of the co-tenants
so as to require that a certain mortgage be apportioned upon a tract
of land not included in the original bill as well as upon that in-
cluded therein is properly denied where the mortgagee is not com-
plaining, since the defendants, if required to pay a part of the
mortgage debt for which the owners of the other tract are liable,
have a remedy by a bill for subrogation.

APPEAL from the Circuit Court of Edgar county; the
Hon. J. W. CRAIG, Judge, presiding.

This is an appeal from the circuit court of Edgar county
to bring in review certain questions which arose in a chan-
cery proceeding for partition.

The facts are as follows: Benjamin Dickson died,
leaving Sarah J. Dickson, his widow, six children and two
grandchildren. Benjamin Dickson had been married twice
and had children by both marriages. Basdell Dickson,
Mary Mahoney and Emma Mahoney, children of Benja-
min Dickson by a former marriage, with Fred Dickson,
a grandchild of Benjamin Dickson, are appellants in this
case, while Oliver D. Dickson, Charles Dickson and El-

mer Dickson, children of Benjamin Dickson and Sarah J.
Dickson, with Margaret Dickson, one of the children of the
former marriage of Benjamin Dickson, and Verda Boston,
a grandchild of Benjamin Dickson, are appellees herein.
The bill was filed by Sarah J. Dickson and her three chil-
dren, and Margaret Dickson and Verda Boston, against the
appellants, for the assignment of dower and for a partition
of one hundred and sixty acres of land among the children
of Benjamin Dickson and the grandchildren, who represent
the share of their deceased parent. The bill also prayed
that the lien of a mortgage held by one Augustus should
be apportioned to the several parcels when partitioned. Au-
gustus, who was made a party defendant, filed an answer
and also a cross-bill, in which he alleged that his mortgage
was a lien upon the one hundred and sixty acres sought to
be partitioned, and also upon another eighty acres of land
which had formerly been owned by Silas Dickson and by
him conveyed to Sarah J. Dickson, subject to the mortgage.
The appellants filed an answer, admitting that their father
owned the one hundred and sixty acres in his lifetime and
admitting the heirship as set out in the original bill. They
also filed a cross-bill against appellees and made Silas Dick-
son a party defendant. The cross-bill alleged that many
years ago Benjamin Dickson conveyed both tracts, the one
hundred and sixty acres and the eighty acres, to Silas Dick-
son by an absolute deed, but alleged that the deed was, in
fact, a mortgage; that afterwards Silas Dickson conveyed
the one hundred and sixty acres to Benjamin Dickson and
conveyed the eighty acres to Sarah J. Dickson, wife of Ben-
jamin Dickson. The cross-bill alleged that the title of
Silas Dickson and Sarah J. Dickson was held in trust, and
the cross-bill prayed that the circuit court declare a trust in
the eighty acres, assign dower to the widow and partition
the land among the heirs of Benjamin Dickson. Appellees
demurred to this cross-bill and the demurrer was sustained
by the court. Appellants thereupon elected to stand by

their cross-bill and it was then dismissed for want of equity. Augustus also 'dismissed his cross-bill and the cause proceeded to a final decree, which was in accordance with the prayer of the bill. The decree provided for an apportionment of the mortgage to be made on the several parcels when partitioned. Appellants excepted and prayed an appeal. Later, but during the same term of court, appellants made a motion to vacate the decree of partition and for leave to amend the answer and to file an amended cross-bill. The matter which appellants desired to incorporate in their cross-bill related to the mortgage held by Augustus. They sought to set up in their amended cross-bill that the Augustus mortgage was a lien upon both tracts of land, and the reason assigned for not inserting this in the original bill is that it was sufficiently charged in the cross-bill of Augustus, the dismissal of which made it necessary to amend appellants' cross-bill in this respect. This motion was denied, and appellants have appealed to this court and assign error upon the decree of the court dismissing their cross-bill for want of equity and upon the refusal of the court to grant leave to amend their cross-bill.

H. S. TANNER, and F. C. VANSELLAR, (H. VANSELLAR, of counsel,) for appellants.

FRANK T. O'HAIR, and BUCKINGHAM & TROUP, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellants contend that the court erred in sustaining the demurrer to and dismissing their cross-bill. It is contended that the partition proceeding must embrace all the land held in common by the parties. We do not understand the rule to be as broad in its scope as appellants contend it is. A court of equity will not entertain a bill for partition of a tract of land held in common, by fragments. A suit

for partition should always embrace the whole tract held by
the co-tenancy, but it does not follow that those who are
mutually desirous of continuing the relation of co-tenants
in one tract cannot do so without foregoing their right to
a partition of other distinct tracts as to which a partition
is desirable. It is true that a few cases may be found which
seem to hold that a partial partition is improper under all
circumstances, but the decided weight of authority is the
other way. (Freeman on Co-tenancy and Partition, sec.
508.) But even if the rule were as the appellants contend,
the facts set out in the cross-bill would not bring the case
within it. So far as the record shows, the original bill
brought all of the real estate of which Benjamin Dickson
died seized, under the jurisdiction of the court and prayed
partition thereof. The legal title to the eighty acres de-
scribed in the cross-bill was in Sarah J. Dickson, and had
been for a number of years before Benjamin Dickson died.
Before a partition of this eighty acres could be had among
the heirs of Benjamin Dickson it would be necessary to
have the deed of Sarah J. Dickson set aside. This would
involve litigation of matters entirely foreign to the right of
the widow to have her dower assigned and of the heirs to
a partition of the one hundred and sixty acres, the title to
which was in no way involved in the complications respect-
ing the eighty-acre tract. In our opinion the circuit court
decided correctly in holding that the matters set up in the
cross-bill were not germane to the original bill.

By their motion for leave to amend the cross-bill ap-
pellants sought to have the mortgage of Augustus appor-
tioned upon the two hundred and forty acres which were
included in the mortgage. This amendment the court de-
nied. If it be conceded that the proposed amendment would
have obviated the objection to the cross-bill, it was within
the sound legal discretion of the trial court to deny the
motion, and in view of the fact that the application for leave
to amend was not made until some days after the final de-

cree had been rendered on the original bill, we cannot say that there was an improper exercise of discretion in denying leave to make the amendment. We do not, however, see how the appellants' position would have been any better if the amendment had been allowed. The mortgagee, of course, has a right to a lien upon all the land included in the mortgage, but he is not insisting upon such right in this proceeding. Appellants have no authority to claim those rights for him. If, as appellants seem to assume, the owners of the eighty acres are liable for some part of the mortgage indebtedness and the same is a lien upon both tracts, they can, after paying the debt, file a bill for subrogation and have the equities of the parties adjusted. Clearly, the court cannot foresee how or by whom the mortgage indebtedness will be paid. It may require all of both tracts, for aught that appears at this time. There was no error in denying leave to make the proposed amendment to the cross-bill.

The decree of the circuit court of Edgar county is affirmed.

*Decree affirmed.*