CHARLES H. MCCULLOUGH, Appellee, *vs.* MARY MCCUL-
LOUGH *et al.*—(EMMA J. GLOS, Appellant.)

*Opinion filed December 15, 1908—Rehearing denied Feb. 9, 1909.*

1. PARTITION—*when objection that petition for partition was not verified comes too late.* An objection that a petition for partition was not verified, as required by section 5 of the Partition act, is dilatory in character and must be made at the earliest possible moment, and cannot be raised after answer is filed and a decree entered.

2. APPEALS AND ERRORS—*a final decree cannot be reviewed on appeal from a subsequent decree.* If the first decree entered in a partition proceeding is final it cannot be reviewed on appeal from a subsequent decree although the court refused to allow an appeal from the first decree.

3. SAME—*what is not ground for reversing a partition decree.* The fact that the master in chancery, in a proceeding for partition and to set aside certain tax deeds, adjourned the hearing to the office of the county clerk, where the records of that office might be more readily examined, is not ground for reversing the decree.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

ROBERT ZALESKI, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:·

This was a bill filed in the superior court of Cook county for the partition of certain real estate in Chicago and to set aside certain tax deeds held by Emma J. Glos and others on said property. When the pleadings were settled the matter was referred to a master in chancery to take evidence, and after his report and a hearing thereon the court entered a decree April 9, 1908, finding, among other things, that certain of the parties were the owners of the property as tenants in common, and that the tax deeds held by Emma J. Glos and others should be set aside on the payment of certain sums into court and that the matter be re-

ferred to a master to state certain accounts. Appellant and others made a motion praying for an appeal to the Supreme Court, which was denied, the court holding that the decree was not final. After the master made his second report a second decree was entered May 12, 1908. From this last decree an appeal was prayed to this court by Emma J. Glos and allowed.

The first contention of appellant is that this is a petition for partition, and should have been, but was not, verified by affidavit, as provided by section 5 of the Partition act. (Hurd's Stat. 1908, p. 1580.) We think this was a bill in chancery for partition and does not need to be verified by oath. (*Labadie* v. *Hewitt*, 85 Ill. 341.) But conceding that it was a petition, under the statute the objection comes too late. Appellant, Emma J. Glos, filed her answer, and the decrees were entered in the lower court without this point having been raised. At most the objection is dilatory, and must be made in apt time, at the earliest moment, and cannot be raised after answer filed and decree entered. *Dunning* v. *Dunning*, 37 Ill. 306; *Bennett* v. *Roys*, 212 id. 232.

Appellant further contends that the first decree, entered April 9, was final, fixing the rights of all the parties, and that the court should have allowed an appeal therefrom. As we understand her argument, it is that this court should reverse the second decree with directions to enter an order allowing an appeal from the first decree and time to file a certificate of evidence under that decree. If it be conceded that the decree of April 9 was final, as contended, then it follows that it cannot be reviewed on an appeal from the second decree. (*Crowe* v. *Kennedy*, 224 Ill. 526; *Piper* v. *Piper*, 231 id. 75.) Furthermore, it is not pointed out how appellant has been injured by the refusal of the appeal as to the first decree.

The appellant also contends that the master in chancery committed reversible error in adjourning the hearing to the

office of the county clerk in order that the records of that office could be more readily examined. A similar objection was overruled by this court in *Glos* v. *Woodard,* 202 Ill. 480.

We find no reversible error in the record. The decree of the superior court will be affirmed.

*Decree affirmed.*