ARABELLA ELLIS vs. LYDIA DUMOND et al.—(LYDIA DU-
MOND, Appellant and Appellee, vs. ARABELLA ELLIS
et al. Appellees and Appellants.)

*Opinion filed June 18, 1913—Rehearing denied October 16, 1913.*

1. DOWER—*acceptance of provision of will bars dower in in-
testate property.* Acceptance by the widow of the provision made
for her in the will bars her right to dower, not only in the estate
disposed of by the will, but also in intestate property which the
testator acquired after the will was made but did not dispose of.

2. PARTITION—*it is not reversible error to decree partition be-
fore question of widow's award is settled.* It is not reversible er-
ror to decree partition before the question whether the widow is
entitled to an award is settled, as she will be entitled to be heard,
in case a sale is had, before distribution of the proceeds is made.

3. WILLS—*when children of deceased devisee take in his stead.*
Under the statute, if a son of the testator, to whom the latter has
devised a farm subject to the making of certain payments, dies be-
fore the death of the testator and no provision is made in the will
for such contingency, the children of the deceased devisee stand
in his stead and take the land subject to the conditions imposed.

4. EXECUTORS AND ADMINISTRATORS—*when a claim cannot be
made a lien on interests of debtor's children.* A claim against the
estate of a deceased person cannot be made a lien against the in-
terests of his children in land in which the father never had any
interest.

5. APPEALS AND ERRORS—*when a party cannot complain of dis-
missal of cross-bill.* Where the question of the right of the widow
to an award is not raised in a bill for partition but is raised in the
cross-bill ' filed by the widow individually and as administratrix,
the dismissal, without prejudice, of that part of the cross-bill rais-
ing that question can be complained of by the widow, but if she
does not assign error on such dismissal the ruling cannot be com-
plained of by other parties not prejudiced thereby.

APPEAL from the Circuit Court of Moultrie county; the
Hon. SOLON PHILBRICK, Judge, presiding.

F. M. HARBAUGH, for Arabella Ellis and Harriet A.
Randolph.

JOHN E. JENNINGS, for Homer Shepherd, guardian *ad litem.*

E. J. MILLER, for Lydia Dumond.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Moultrie county for partition.

Jacob Dumond died testate April 16, 1912. By his will he devised in fee simple to his wife, Lydia Dumond, the homestead in the city of Sullivan and 160 acres of land in Shelby county, and bequeathed her certain personal property. The will provided that the provisions for his wife were "made to her in lieu of her dower and all other rights as widow of my estate." The remainder of the property disposed of by the will was devised to his three children, Henry P. Dumond, Arabella Ellis and Harriet A. Randolph. One of the devises to the son, Henry P. Dumond, was as follows:

"I also have forty acres lying south of Sullivan, the south-west quarter of the south-west quarter of section 23, township 13, north, range 5, east of the third principal meridian, Moultrie county. I will and devise said forty acres to my son, Henry Dumond, in fee simple, upon condition that he pay to my two daughters and my wife $1200 in equal portions,—$400 to each one,—the land being valued at $1600, thereby giving him his one-fourth interest of the same; the said amounts to be paid within three years after the probating of my will, without interest, and the said sums are made a lien upon the land until the same are paid."

This will was executed about nine years prior to the death of Jacob Dumond. After making the will he purchased eighty acres of land in Moultrie county and another residence property in the city of Sullivan. Henry P. Dumond died about three years prior to the death of his

father, leaving surviving him seven children, six of whom are now minors. The executors named in the will having pre-deceased the testator, Lydia Dumond, the widow, was appointed administratrix with the will annexed. The daughter Arabella Ellis filed this bill for the partition of the eighty-acre tract and the residence property in Sullivan which had been purchased by the testator since the making of his will and which were not disposed of by the will, and of the forty-acre tract above mentioned as having been devised to Henry P. Dumond, alleging that the same was all intestate property. The bill alleged that the title to the property therein described was in the two daughters and the grandchildren of Jacob Dumond, and that Lydia Dumond, his widow, had no interest therein. To this bill Lydia Dumond, as widow and as administratrix, Mrs. Randolph, the other daughter of the testator, and the children of Henry P. Dumond, were made defendants.

Lydia Dumond answered the original bill and (in her own right and as administratrix with the will annexed) filed her cross-bill, ·in which she alleged that the title to the real estate acquired by Jacob Dumond after the execution of his will was in his children and grandchildren, subject to her right of dower; that under the terms of the will of Jacob Dumond she was entitled to a one-fourth interest in the forty-acre tract described in the original bill, and asked for a construction of that clause of the will. She further alleged that she was entitled to an award in the sum of $2000, as fixed by the appraisers, in the estate of Jacob Dumond, and that the same should be held to be a lien upon the intestate real estate; and further, that as administratrix with the will annexed she was entitled to have paid to her, out of the share of the property belonging to the children of Henry P. Dumond, the balance of a claim due from the insolvent estate of Henry P. Dumond to the testator, amounting approximately to the sum of $700.

By its decree the circuit court found that Lydia Du-
mond was entitled to dower in the eighty-acre tract and
the residence property in the city of Sullivan, and that the
same should be partitioned between the two daughters and
the grandchildren of Jacob Dumond, subject to her dower
therein. The court further found that an application hav-
ing been made in the county court of Moultrie county to
determine the widow's award in the estate of Jacob Du-
mond, and an appeal having been taken from the judgment
of the county court thereon to the circuit court of Moultrie
county, the circuit court, upon a hearing of said appeal, is
the proper forum in which to determine the question of the
widow's award, and dismissed that portion of the cross-bill
without prejudice. The court further found that the chil-
dren of Henry P. Dumond were the owners of the forty-
acre tract devised to their father by the will of Jacob Du-
mond, subject to the payment of $400 to Lydia Dumond,
Arabella Ellis and Harriet A. Randolph, each, within three
years after the will of Jacob Dumond had been admitted to
probate, and ordered that the original bill and the cross-bill
be dismissed as to that tract. The court further found that
Lydia Dumond, as administratrix with the will annexed,
is not entitled to a lien upon the share of the children of
Henry P. Dumond in the lands of Jacob Dumond for the
unpaid balance of the claim of Jacob Dumond against the
estate of Henry P. Dumond, and ordered that that portion
of the cross-bill relating thereto be dismissed. From this
decree separate appeals were prosecuted by Lydia Dumond,
Arabella Ellis, Harriet A. Randolph and the minor chil-
dren of Henry P. Dumond.

Complaint is made by Mrs. Ellis, Mrs. Randolph and
the minors, of that part of the decree which awards Lydia
Dumond the right of dower in the intestate real estate.
Section 10 of the Dower act is as follows: "Any devise of
land, or estate therein, or any other provision made by the
will of a deceased husband or wife for a surviving wife or

husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to dower in the lands and to one-third of the personal estate after the payment of all debts." Lydia Dumond has not renounced the provisions made for her in the will of her husband, but insists that she is entitled to dower by reason of the fact that the lands herein involved were not devised by the will and are therefore not affected by it. The will speaks from the time of the death of the testator. By the terms of the will of Jacob Dumond the provisions therein for his wife were expressly made in lieu of dower and such other statutory rights as she had in his estate. Under said section 10 of the Dower act, if she shall elect to accept the provisions made for her by the will she is not entitled to claim dower in any of the lands of which he died seized, whether the same be devised by will or not. This construction of section 10 of the Dower act is sustained by the views expressed in *Haynie* v. *Dickens,* 68 Ill. 267, where a similar section of the Dower act contained in the Revised Statutes of 1845 was construed. The widow is not entitled to dower in the intestate lands, and the court erred in so decreeing.

The cross-complainant, Lydia Dumond, did not assign as error the action of the court in dismissing her cross-bill without prejudice on the question of the widow's award. The daughters and infant grandchildren of Jacob Dumond, however, have assigned this action of the court as error, and insist that the question whether Mrs. Dumond is entitled to a widow's award should be determined in this litigation. There was no allegation in the original bill as to the widow's award. This question was first raised in the cross-bill, where affirmative relief thereon was asked. The children and the grandchildren of Jacob Dumond are not aggrieved by the action of the court in dismissing the cross-

bill as to this matter. Mrs. Dumond is the only one entitled to complain, and as she is satisfied with the decree in this particular we are not called upon to review the question.

Mrs. Dumond does complain, however, that the decree for partition was premature, and that the proceeding should have been stayed until it had been determined in the proper forum whether she was entitled to a widow's award. While the practice of entering a decree for partition or sale before the estate is finally settled is not approved by this court, we have held that it is not reversible error to do so, but in case a sale is ordered the personal representative should be brought into court, and the court should so control the funds arising from the sale as to protect the interests of creditors of the estate. (*Hall* v. *Gabbert,* 213 Ill. 208; *Watke* v. *Stine,* 214 id. 563.) In this case the widow is a party, and in the event that the commissioners shall find the land to be indivisible and a sale is ordered, she has the right to be heard, before a distribution is made, as to any claim she has to any part of this fund as the widow of Jacob Dumond.

Mrs. Dumond further complains of the construction placed by the court upon the devise of the forty-acre tract to Henry P. Dumond and of the action of the court in dismissing that part of her cross-bill. The court correctly construed this provision of the will. Under our statute the children of Henry P. Dumond stand in his stead as devisees, and by this provision of the will they take title to this forty-acre tract in fee simple, subject to the payment of $400 to Mrs. Dumond, Mrs. Ellis and Mrs. Randolph, each. The portions of the original bill and cross-bill which sought relief in reference to this forty-acre tract were properly dismissed for want of equity.

Mrs. Dumond, as administratrix, further complains that the court erred in not finding that she was entitled to a lien upon the interest of the children of Henry P. Dumond in the lands for the payment of the balance due Jacob Du-

mond, at the time of his death, on a claim which he had filed against the estate of his son, Henry P. Dumond. The estate of Henry P. Dumond was insolvent. The claim of Jacob Dumond was allowed but only a portion of it was paid, and it is now contended that the balance should be paid out of the interest of the children of Henry P. Dumond in the estate. Henry P. Dumond having died prior to the death of his father never had any interest in these lands. The children of Henry P. Dumond are not personally liable for his debts or for any judgment which was secured against his estate. Not being liable for the debts of their father, we know of no theory upon which their interest in these lands can be subjected to the payment of the balance due on this claim.

For the error above pointed out the decree of the circuit court is reversed and the cause remanded to that court, with directions to enter a decree for partition in accordance with the views herein expressed. The costs of this appeal will be taxed one-half against Lydia Dumond individually and one-half against her as administratrix with the will annexed.

*Reversed and remanded, with directions.*