SAMUEL HASTERLIK, Appellee, *vs.* LILLIAN K. HASTERLIK, Appellant.

*Opinion filed February 17, 1925.*

1. PARTITION—*when appeal should be taken to Supreme Court.* Where an appeal in a partition suit involves only questions of accounting, liens upon shares of tenants in common, solicitor's fees, or other questions not involving the freehold, the appeal should be taken to the Appellate Court, but where the title of some of the parties is challenged or an assignment of error questions the right of partition the appeal must be taken directly to the Supreme Court.

2. SAME—*when right to partition is absolute.* Where the right to partition is not barred by a condition or restriction in the title or by an agreement between the parties not to partition, the right of an adult co-tenant to partition the common property is absolute.

3. SAME—*adult co-tenant is entitled to partition although other co-tenants are minors.* The right of an adult co-tenant to have the possession of his property is not suspended because other co-tenants are minors, but the court will have regard for the interests of the minors and see that their rights are not jeopardized.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

JACOBSON, MERRICK & LATTER, for appellant.

ALFRED BECK, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Samuel Hasterlik, appellee, filed his bill in the circuit court of Cook county asking that certain lands owned by him and the heirs and devisees of his deceased brother as tenants in common be partitioned. The executors and trustees under the will of Ignatz Hasterlik and the Rothschild Colortype Company, a tenant under a ten-year lease, were made defendants. Lillian K. Hasterlik, widow of Ignatz

and mother of his children, as guardian and executrix and in her individual right, filed a demurrer to the original bill, one ground of demurrer being that necessary parties had not been made defendants and another being that the bill did not show that partition of the premises was for the best interests of the infant defendants. The first ground of demurrer was sustained and the other overruled. The bill was amended, making the three children of Ignatz parties defendant. Answers of all the parties defendant were filed and the cause was referred to a master in chancery. From the evidence taken before the master it appeared that there were fifteen tenants in possession of store rooms and apartments on the premises who had not been made parties. Thereupon a second amended bill was filed making these tenants defendants, and they filed a joint answer, stating that they were tenants from month to month under oral leases and that they claimed no other interest. The master filed his report recommending a decree as prayed, and objections to the report were overruled. On hearing before the chancellor exceptions to the master's report were overruled and a decree entered awarding partition.

The appellant, Lillian K. Hasterlik, individually and as guardian of the infant defendants, prosecuted an appeal to the Appellate Court and that court transferred the cause to this court on the ground that a freehold is involved. The transfer was properly made. If an appeal in a partition suit involves only questions of accounting, liens upon shares of tenants in common, solicitor's fees, or other questions not involving a freehold, the appeal should be taken to the Appellate Court, (*Dicus* v. *Fuchs,* 303 Ill. 489; *Hutchinson* v. *Spoehr,* 221 id. 312;) but where the title of some of the parties is challenged or an assignment of error questions the right to partition, the appeal should be taken directly to this court. (*Schwartz* v. *Ritter,* 186 Ill. 209; *Bangs* v. *Brown,* 110 id. 96; *Carter* v. *Penn,* 99 id. 390.) There is no assignment of error in this case ques-

tioning the ownership of the real estate, but the principal point argued does question the right to partition. If the subject of partition is a freehold estate, then such partition suit, whatever may be the state of the title, necessarily involves a freehold, because if the partition is made the title of each co-tenant is transferred to the specific part of the partitioned premises assigned to him, and if the land cannot be partitioned a sale transfers the estate and the title of all the co-tenants to the purchaser.

Where the right to partition is not barred by a condition or restriction in the title or by an agreement between the parties not to partition, the right of an adult co-tenant to have the common property partitioned is absolute. (*Hill* v. *Reno,* 112 Ill. 154; *Arnold* v. *Arnold,* 308 id. 365.) This imperative right to partition is limited where part of the estate is owned by infants and the jurisdiction of the court is invoked on their behalf. (*Alford* v. *Bennett,* 279 Ill. 375; *Ames* v. *Ames,* 148 id. 321; *Hartmann* v. *Hartmann,* 59 id. 103.) The infant owner being under the disability of minority cannot make up his mind to act on his own independent judgment and sue by an attorney, as an adult may. He can only appear by a representative, and it follows that a court of chancery, having regard for the interest of the minor in whose behalf its jurisdiction is invoked, should examine with care the judgment of the person acting for the infant owner and not permit action to be taken in his behalf unless his interests will be advanced. On the other hand, the right of an adult owner to have the possession of his property ought not to be limited because the other co-tenants are infants. The rule is well established in this country that infancy does not suspend the right of the adult co-tenant to enforce a partition. (Freeman on Co-tenancy and Partition, sec. 467; *Albright* v. *Flowers,* 52 Miss. 246.) Adult part owners should not be kept out of the enjoyment of their property merely because the other part owners are infants. *Coker* v. *Pitts,* 37 Ala. 692.

There is a finding in the decree "that no good or substantial defense has been interposed by any of the parties to this suit and that the interests of the parties have been correctly stated and set forth." Appellant objects to this language on the ground that it may serve as an adjudication of the question whether the complainant is entitled to have his solicitor's fees taxed as costs, and asks that it be eliminated from the decree. Appellee states that the finding is not one of fact but is a mere conclusion and that it will not have any bearing on the question concerning solicitor's fees. The decree makes no finding with respect to solicitor's fees, and inasmuch as all parties agree that the language of which complaint is made is not necessary to a decision of the questions before the court the decree will be modified by striking out this finding.

The decree of the circuit court as modified is affirmed.

*Decree modified and affirmed.*