(No. 19114.— )
BRIDGET LARKIN POWER, Appellant, *vs.* MARGARET RYAN
GREEN *et al.* Appellees.

*Opinion filed December 20, 1928.*

WILLIAM E. FURLONG, for appellant.

VINCENT J. GREEN, GEORGE F. RUTLEDGE, and RYAN,
CONDON & LIVINGSTON, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant filed a bill in chancery in the circuit court of
Cook county for the partition of certain real estate therein
described and to set aside certain tax deeds as clouds upon
the title. The bill described the land sought to be parti-

tioned and set up what purported to be the interests of the various parties to the bill in the land. Some of the defendants were minors. The non-resident defendants were served by publication, others by summons, and some entered their appearance. C. J. Marhoefer, who was not named as defendant, entered his appearance as the grantee of a party claiming title under a tax deed and filed an answer. The other defendants, or some of them, filed general and special demurrers to the bill. The special causes for demurrer were (1) that complainant did not in her bill state such a cause as entitled her to relief in a court of equity against the defendants; (2) that complainant omitted from her bill certain lots in block 13, which are in the same chain of title as the property described in the bill and the parties interested in said lots are the same as described in complainant's bill; (3) that complainant failed to make certain necessary and material parties defendants, namely, Marhoefer and the registrar of titles of Cook county; and (4) that the bill does not describe with appropriate certainty the defendants' interests in the lands mentioned. The court sustained the demurrers. Complainant elected to stand by her bill, and the court dismissed the same for want of equity. She has prosecuted this appeal.

The first point made by appellees to sustain the action of the court in sustaining the demurrers and dismissing the bill is, that the bill, which was a bill in chancery for partition and other relief, was not verified by affidavit, and they cite as authority *Miller* v. *Miller,* 263 Ill. 18. The question was not involved in that case. The question there raised was whether necessary parties had been omitted, and upon that question the court said sections 5 and 6 of the Partition act apply both to a bill in chancery and to a petition for partition. It is not necessary that a bill in chancery for partition be verified by affidavit. (*McCullough* v. *McCullough,* 238 Ill. 50; *Labadie* v. *Hewitt,* 85 id. 341.) Section 1 of the Partition act expressly au-

thorizes a party interested to compel partition of land "by a bill in chancery as heretofore, or by petition in the circuit court." That the bill was not sworn to was not assigned as a cause of special demurrer. The general demurrer admitted the truth of all the allegations of the bill well pleaded and could only raise the question of the sufficiency of the bill for equitable relief. *Dunne* v. *County of Rock Island,* 273 Ill. 53.

The second point urged by appellees is, that the complainant does not in her bill allege there is no other property owned in common and acquired in the same manner by the co-tenant defendants. In *Dickson* v. *Dickson,* 232 Ill. 577, which was a bill in chancery for partition and assignment of dower and other relief, the court said a court of equity will not entertain a bill for partition of a tract of land by fragments, but the bill need not embrace all the land held in common by the parties.

The third point of appellees is, that the bill showed on its face partition would be detrimental to the interests of the minor defendants. The rule is well established that infancy of one or more co-tenants does not suspend the right of an adult co-tenant to enforce partition. (*Hasterlik* v. *Hasterlik,* 316 Ill. 72, and cases cited.) It does not appear from the bill in this case that there was anything in the interests of the minors which could not be protected by the court or that partition would be detrimental to them.

The court erred in sustaining the demurrers and dismissing the bill. The decree is reversed and the cause remanded to the circuit court of Cook county, with directions to overrule the demurrers.

*Reversed and remanded, with directions.*