(Nos. 27700, 27701, 27702.—)
HOBERT NICKLAUS, Appellant, *vs.* BYRON J. DAUBS *et al.*, Appellees,—CLOYD OSBORN, Appellant, *vs.* BYRON J. DAUBS *et al.*, Appellees.—GEORGE W. CRAVENS *et al.*, Appellants, *vs.* BYRON J. DAUBS *et al.*, Appellees.

*Opinion filed January 20, 1944.*

MILLS, UMFLEET & MILLS, of Fairfield, for appellants.

C. W. CREIGHTON, of Fairfield, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

The appellants in each of the three cases numbered 27700, 27701 and 27702 appeal from decrees of the circuit court of Wayne county dismissing their respective complaints for partition of lands in said county. By order of this court they have been consolidated for opinion.

In January, 1943, George W. Cravens and his wife, Robie Cravens, were the owners in fee of an undivided three-fourths interest in approximately one hundred forty acres of land in Wayne county, Illinois, and Gertrude Knott was the owner in fee of the remaining undivided one-fourth interest. January 27, 1943, Cravens filed a suit

for partition, and while the suit was pending, *viz.*, April 19, 1943, Gertrude Knott sold her undivided one-fourth interest to Byron J. Daubs, and he thereupon filed a petition to be made a party defendant to said partition suit, and entered his appearance in the cause. This suit is known as chancery cause No. 43-2006.

April 24, 1943, Cravens and his wife conveyed to Cloyd Osborn the undivided three-fourths interest in approximately twenty-four acres off of the north side of the tract described in said suit. April 26, 1943, Cravens and his wife conveyed to Hobert Nicklaus the undivided three-fourths interest in a tract in the south part of the one hundred forty acres, described by metes and bounds, which contained approximately fifteen acres, thus leaving in Cravens and his wife an undivided three-fourths interest in all of the said land, except that conveyed to Osborn and Nicklaus.

April 27, 1943, the original suit for partition brought by Cravens and his wife against Gertrude Knott and Byron J. Daubs, grantee, was dismissed without prejudice. Immediately thereafter, on the same day, three partition suits were filed, one by George W. Cravens and Robie Cravens against Byron J. Daubs and his wife and parties interested as mortgagees or tenants, to partition the part of the land not conveyed to Osborn or Nicklaus, being case No. 27702 in this court. On the same day Cloyd Osborn filed his suit against Byron J. Daubs and wife, and parties interested as tenants or mortgagees, to partition that part of the land described in the original partition suit, containing approximately twenty-four acres, and being cause No. 27701 in this court. On the same day Hobert Nicklaus in like manner brought suit for partition for the fifteen-acre tract acquired by him as above stated, being case No. 27700 in this court.

After the filing of the suits a motion was made to dismiss each of the three cases, and in support of the motion an affidavit was made on behalf of Gertrude Knott, the

original defendant in cause No. 43-2006, and Byron J. Daubs, her grantee, setting forth the above-enumerated facts. It is claimed the suits should be dismissed because the defendant Daubs owns an undivided one-fourth interest in all three of the tracts, and that to permit separate grantees of the original plaintiffs to bring separate suits each for a part of the land in which appellees are co-tenants, would subject them to unnecessary costs and fees, and that their interests would be otherwise prejudiced. Upon consideration the court dismissed the suits brought by Osborn and Nicklaus at their cost, because the defendant Daubs was a co-tenant in all of the land represented by the three suits, and because the interest of each party in the premises could be properly decided in one suit. In the remaining case of Cravens the motion to dismiss was sustained and leave granted to amend, but the plaintiffs elected to stand by their complaint as filed; whereupon that suit was dismissed at the cost of the plaintiff, and an appeal has been taken directly to this court in all three cases, and consolidated for argument and opinion. Inasmuch as these suits involve the right to partition, a direct appeal to this court is permissible. *Hasterlik* v. *Hasterlik*, 316 Ill. 72.

At the time the first partition suit was filed the only parties interested in the land were Gertrude Knott and George W. Cravens and his wife. Pending the suit Gertrude Knott sold her interest, as she had a lawful right to do, to Byron J. Daubs, and thereupon he became the owner, subject to the rights disclosed in the partition suit, of a one-fourth interest; and Cravens had the same interest he had in the beginning. While this suit was still pending Cloyd Osborn became the owner of George Cravens's undivided three-fourths interest in a twenty-four-acre tract, and Hobert Nicklaus the owner of George Cravens's three-fourths interest in a fifteen-acre tract. These matters could have been adequately disposed of and determined by proper

application to the court to become parties to the litigation. The interest of Daubs throughout all of these proceedings was a one-fourth interest in all of the land as one tract without regard to whether part of it had been conveyed by others. By the dismissal of the first partition suit and the filing of the three cases an attempt was made to partition the interest of Daubs, as though he were a cotenant in three parcels instead of the entire premises. Thus, if the property was subject to partition, he was entitled to have his share in one hundred forty acres set off to him under the statute, and if the property was not susceptible of division he was entitled to have it sold at a time and under such conditions that he could protect his one-fourth interest in the whole tract.

The filing of the three suits necessarily changed the position of Byron J. Daubs in that the partition of all the land was not before the court in any one case, and, in effect, a partition was made by his original cotenant without his consent. The three cases might result in the sale of part of the original tract, and a partition of other parts, at the election of Cravens and his grantees, and might be made under such circumstances as to seriously jeopardize the rights of the appellee.

On a number of occasions we have held that one cotenant of real property, by a conveyance of his interest in a portion of the property held in common, may not prejudice the rights of his cotenants; that the successors or grantees of such cotenant simply step into the shoes of the grantor, subject to all of the rights of the other cotenants and their successors. "For the purpose of partition, the whole property originally held in common with the co-tenants, whether consisting of one or a number of parcels, continues to be a unit—the subject matter of a single action—just as if no change in the ownership of any interest therein had occurred, and in such action the

respective rights of all of the parties interested, original co-tenants and successors, may be determined." *Barnes v. Swedish American National Bank*, 371 Ill. 20.

The plaintiff, however, had a right to dismiss the original suit, and any one of the cotenants, as they existed after the transfers of the several interests, likewise had a right to file a suit for partition of the whole premises. They did not, however, have a right to prejudice any of the original cotenants, or the successors of the original cotenants, by attempting to partition portions of the tract, because such a decree would, in effect, operate as a partition against the will of a cotenant.

Under the situation as it existed at the time the three cases were filed, it is apparent none of the plaintiffs had the right to partition a part of the premises without having all of the interested parties in all of the land before the court. There were two ways in which this could be accomplished: (1) The court had the power and authority upon motion to consolidate the three cases and, upon a hearing, determine the interests of the parties and award partition, or direct a sale, as disclosed by a report of the commissioners. (*Barnes v. Swedish American National Bank*, 371 Ill. 20.) It is said in the *Barnes case* that the test of whether causes may be consolidated is to ascertain if the actions could be joined in one complaint, which it is apparent could have been done in this case. (2) It was also within the power of the court to determine that the necessary parties were not before the court and give the parties leave to amend, and, in case of a failure to amend, to dismiss the cause without prejudice.

The causes here under consideration were not dismissed without prejudice, but were dismissed generally, thus constituting a bar to the right to partition under any situation. The identical order was made in each case, under which the Osborn and Nicklaus cases were dismissed generally, and the Cravens case dismissed upon failure to amend.

This action of the trial court was error, as, even though the court was authorized to dismiss either case for failure to have all of the parties present, still it should have been left in such condition that upon the filing of the proper complaint, with the necessary parties, partition could have been awarded. For this reason the three cases must be reversed.

By the conveyances to Osborn and Nicklaus during the pendency of the first partition suit they succeeded to the rights of Cravens, the plaintiff therein, and could have protected themselves by intervening and becoming parties. When the first suit was dismissed by Cravens, and the three partition suits involved herein were filed, the trial court properly held that all the land should have been included in the suit brought by Cravens, No. 27702, and Osborn and Nicklaus made parties, and should have dismissed their suits without prejudice, which would have preserved to them their rights of partition in case Cravens abandoned the partition suit for a part of the premises. The suit of Cravens also should have been dismissed without prejudice for want of the necessary and proper parties. *Sheldon* v. *Harding*, 44 Ill. 68; *Chicago Title and Trust Co.* v. *Tilton*, 256 Ill. 97.

It is the order of the court that cases No. 27700 and No. 27701 are reversed and remanded to the circuit court of Wayne county, with directions that the same be dismissed without prejudice at the cost of the plaintiff, but that they may in the discretion of the court, upon proper motion, be consolidated with cause No. 27702, as later herein provided. It is also ordered that appellants in cases Nos. 27700 and 27701 pay all of the costs in this court.

Cause No. 27702 is reversed and remanded with directions that plaintiff may be given leave to make the persons interested in the tracts of land described in Nos. 27700 and 27701 parties to said cause, or in the discretion of the court, upon the motion of either party to that cause or

any party to causes Nos. 27700 and 27701, to consolidate said causes for hearing and decree, the costs in No. 27702 in this court to be equally divided between appellants and appellees.

The three causes are reversed and remanded to the circuit court of Wayne county for further proceedings, not inconsistent with the views and directions herein contained.

*Reversed and remanded, with directions.*