*In re* ESTATE OF R.H. LANTERMAN, a/k/a Robert Howard Lanterman, Deceased (Velma Eileen Smallman, Co-executor of the Estate of R.H. Lanterman, and Co-trustee of the Testamentary Trust created under the Last Will and Testament of R.H. Lanterman, Plaintiff-Appellant, *v.* Paul L. Lanterman, Co-executor of the Estate of R.H. Lanterman, and Ex'r of the Estate of Esther Pearl Lanterman, *et al.*, Defendants-Appellees).

Fourth District No. 4—83—0392

Opinion filed March 30, 1984.

Patrick James Smith, of Delano Law Offices, P.C., of Springfield, for appellant.

E. Frederick C. Gain, of Springfield, for appellees.

JUSTICE TRAPP delivered the opinion of the court:

In this appeal which we allowed on plaintiff's application under Supreme Court Rule 308 (87 Ill. 2d R. 308) we are called upon to decide two questions certified by the trial court: (1) the right to maintain a partition action during the pendency of an estate in probate, and (2) the authority of the circuit court to stay a partition action pending the resolution of a will contest action involving the estate of one of the co-tenants. For the reasons given below, we affirm the trial court's stay of the partition action until the estate is closed and the will contest is resolved.

The main thrust of this litigation involves a 269-acre tract of farmland situated in Sangamon County which originally was held by Robert Lanterman and his wife Pearl as tenants in common. The parties to the litigation are the children of Robert and Pearl, June, Eileen, Paul, Stanley, and a grandson, Phillip Weyer. On April 12, 1978, Robert died seized of a one-half interest in the land as a tenant in common with his wife. His will was admitted to probate on May 4, 1978, and the main asset of his estate was his interest in the farmland. Under his will, Pearl was granted property of an amount equal in value to the maximum estate tax marital deduction, and the residue of his estate was devised to Pearl Lanterman as trustee. Pearl was to receive the income from the residuary trust for her life and upon Pearl's death, the principal was then to be distributed in nine equal parts, two parts to June, Eileen, Paul and Stanley, and one part to John Smallman as trustee for Phillip Weyer. No order of distribution was made in Robert's estate, but on November 27, 1979, an order was entered closing the estate and discharging the executor.

On April 20, 1982, Pearl died and her will was admitted to probate on May 19, 1982. Under her will, Paul received all of Pearl's interest in the south 189 acres of the Lanterman farm, personal and household

effects, and the remainder of Pearl's estate was devised to her descendants *per stirpes*. On November 9, 1982, Stanley filed a suit to contest the will on grounds of undue influence and lack of testamentary capacity, which suit is still pending. The will in dispute contains an *in terrorem* clause which disinherits anyone who contests it.

To clear up this tangled pair of estates, Paul had, in the meantime, filed a petition to reopen Robert's estate to make distributions of the various interests set forth in his will as to what Pearl received individually and as trustee of the testamentary trust. Eileen also filed a complaint for an accounting in Robert's estate on August 6, 1982, alleging that Paul had farmed the real estate after Robert's death and refused to make an accounting to the other heirs of the rents and profits from the farm.

Finally, on March 16, 1983, Eileen filed the present suit to partition the Lanterman family farm alleging the following interests subject to division:

"2. That the interest of the Plaintiff and Defendants are as follows:

a. Velma Eileen Smallman and Paul L. Lanterman as Co-Executors of the Estate of R.H. Lanterman and as Co-Trustees of the Testamentary Trust created under the Last Will and Testament of R.H. Lanterman an undivided one-half (1/2) interest;

b. Paul L. Lanterman as Executor of the Estate of Esther Pearl Lanterman an undivided one-half (1/2) interest;

c. Velma Eileen Smallman, individually, Paul L. Lanterman, individually and as co-executor of the Estate of R.H. Lanterman, as co-Trustee of the Testamentary Trust created under the last will and testament of R.H. Lanterman, and as Executor of the Estate of Esther Pearl Lanterman, Vincent Stanley Lanterman, Phillip H. Weyer, June Sylvia Belucci and John E. Smallman, as Trustee for Phillip H. Weyer, have an interest as legatees and devisees under the Last Will and Testament of R.H. Lanterman and under the Last Will and Testament of Esther Pearl Lanterman."

The present appeal arose when a motion to strike the complaint for partition, filed by Paul, came before the trial court on May 5, 1983. At that time, the trial court denied the motion, but on its own motion stayed the partition action until the conclusion of the will contest suit and the determination of the distributions in the estate of Robert Lanterman as to the interest which should have been distributed to Pearl Lanterman, individually, and as trustee of the residuary trust.

Plaintiff argues on appeal that she has an absolute right to parti-

tion the real estate and that the court erred in staying her action until the litigation between the Lanterman heirs is concluded. She suggests that the interests received by the parties can be determined in the partition proceeding and that the land can be divided so as to distribute the individual interest of Pearl Lanterman to her estate and the interests received by the beneficiaries of the testamentary trust.

Section 17—101 of the Code of Civil Procedure defines the circumstances under which land may be partitioned and declares that where lands are held in joint tenancy, or tenancy in common, whether acquired by purchase, legacy, or descent, any one or more interested persons may compel a partition. (Ill. Rev. Stat. 1981, ch. 110, par. 17—101.) The statute has been interpreted to confer an absolute right to partition, but exceptions have arisen to this absolute right where partition is in violation of a person's own agreement, or a restriction imposed upon the estate by a prior owner, or where partition would circumvent established principles of law and public policy. (*Hill v. Reno* (1883), 112 Ill. 154; *Brod v. Brod* (1945), 390 Ill. 312, 61 N.E.2d 675.) In the present cause, the will of R.H. Lanterman has imposed no restriction upon partition, but, to the contrary, article five of his will gives express authority to the executors and trustees to partition, and gives further authority to make distribution to the legatees and devisees of their interest in cash, property, or undivided interests in property. The executors-trustees, Paul and Eileen, have not agreed upon a distribution to the legatees and devisees, and we note it merely to show the absence of a restriction upon partition by the testator, Robert Lanterman.

As to whether partition may be granted while an estate is in probate, we find that the supreme court has spoken to this question on several occasions and has indicated that a decree for partition while the estate is in probate is not reversible error although the practice is not approved prior to the settlement of estate claims. (*Ellis v. Dumond* (1913), 259 Ill. 483, 102 N.E. 801; *Hall v. Gabbert* (1904), 213 Ill. 208, 72 N.E. 806.) In *Ellis*, decedent left a will leaving his wife a homestead and 160 acres of land. Following testator's death, but prior to the settlement of his estate, one of the children sought to partition a tract of real estate which the testator had purchased after his will was executed. The land was intestate property since it was not covered by any provision of his will. Testator's wife had made a claim for a widow's award which had not been distributed to her, and her claim was still pending when the partition suit was commenced. The trial court awarded partition, and on appeal the wife argued that the decree for partition was erroneous since the estate was not yet closed and her

right to a widow's award had not been determined. The supreme court stated:

"Mrs. Dumond does complain, however, that the decree for partition was premature, and that the proceeding should have been stayed until it had been determined in the proper form whether she was entitled to a widow's award. While the practice of entering a decree for partition or sale before the estate is finally settled is not approved by this court, we have held that it is not reversible error to do so, but in case a sale is ordered the personal representative should be brought into court, and the court should so control the funds arising from the sale as to protect the interests of creditors of the estate. (*Hall v. Gabbert*, 213 Ill. 208; *Watke v. Stine*, 214 id. 563.) In this case the widow is a party, and in the event that the commissioners shall find the land to be indivisible and a sale is ordered, she has the right to be heard, before a distribution is made, as to any claim she has to any part of this fund as the widow of Jacob Dumond." (*Ellis v. Dumond* (1913), 259 Ill. 483, 488, 102 N.E. 801, 803.)

Likewise, in *Hall*, the court expressed a similar view:

"If it had been the legislative intent that the right should only be exercised by those who derive title by descent after the period allowed by law for the filing of claims against the estate of the ancestor, that intention would have been manifested in some manner or by some language contained in the statute. Nothing of the kind appears, and we can find no warrant for the court reading into the statute additional requirements." (*Hall v. Gabbert* (1904), 213 Ill. 208, 218, 72 N.E. 806, 809.)

In answer to the trial court's first question, then, the fact that an estate is still unsettled in probate will not necessarily prevent the court from awarding a decree of partition.

■ There are differences in the present case from the facts in *Hall* and *Ellis*, though, which we believe require that the partition action be stayed. *Hall* and *Ellis* were concerned with satisfying creditors' claims before the estate assets were partitioned between the heirs which is not alleged to be a problem here. What distinguishes those cases and makes partition premature in this cause is the fact that the interests of the parties are unascertained and not capable of being determined until the estate of Robert Lanterman is closed and an order of distribution is made. In both *Hall* and *Ellis* the property was intestate and would be distributed in fixed interests according to the laws of descent and distribution. Here, several complications prevent a determination of the exact interest taken by the parties. For

one, it is not clear what amount should have been distributed to Pearl, individually, under the marital bequest portion of the will. Additionally, testator's will provided that distribution to Pearl would be made "wholly or partly in kind by specific securities or other property at values current at the date of distribution." Since no distribution was ever made in Robert's estate it would seem necessary for the trial court to determine whether there was an implied distribution at the time the estate was originally closed, in which case the original appraisal of the land value would control, or whether distribution has not yet been made, in which case a further appraisal will have to be made to determine the exact quantum of interest received by Pearl, individually. It further appears from the record that Federal estate tax liabilities have yet to be satisfied in full, and until all of these questions are resolved there is no way for the court in the partition action to determine what interests are subject to partition. In some respects this case is more akin to the situation where partition is sought of a contingent remainder of property.

In *Seymour v. Bowles* (1898), 172 Ill. 521, 50 N.E. 122, a conveyance of real estate was made to Susan Bowles and her minor heirs, and in case of the death of either of the heirs without issue the property right to revert back to the surviving heirs. Before the death of Susan Bowles, three of her children filed suit for partition and a construction of the deed. The supreme court construed the deed as creating a life estate in Susan Bowles with contingent remainders in her children and on this construction, held that the partition action was premature and affirmed the dismissal of the bill. The court reasoned that, since it could not yet be determined who the heirs of Susan Bowles were, it would not be possible to make any determination of her children's interests. We recognize that the interests here are vested, but by reopening Robert's estate, the interests received by the trust beneficiaries will depend upon how the court resolves the questions which we have previously mentioned, and in this sense they are contingent in amount. While it is clear that the court in the partition action does have the right to determine disputed issues as to title (Ill. Rev. Stat. 1981, ch. 110, par. 17—105), nevertheless, we believe that these issues should be determined in the estate proceeding before partition is allowed.

The more problematic issue, we believe, is whether the partition proceeding must be stayed until the will contest is settled. The defendant argues that the will contest suit should be determined first because the outcome of that proceeding will affect the parties' interests in the farm. Their interests will be enlarged or diminished according to what-

ever distribution is made of Pearl's one-half interest which she owned as a tenant in common and the interest she received from her husband's estate. Until the will contest is concluded and her estate is closed, there is no way to ascertain the interests passing to the heirs of her estate. After distribution is made in her estate, it appears quite likely that a partition action would be required to divide the remaining interests in the farmland.

■ The defendants argue that a court of equity will not entertain multiple partition suits as to the same tract of land by the same parties, relying on *Dickson v. Dickson* (1908), 232 Ill. 577, 83 N.E. 1067. In *Dickson* it was claimed by one of the defendants that a partition action was improper because it did not include all the land held in tenancy in common between the parties to the suit. The supreme court found this issue without merit stating:

> "A court of equity will not entertain a bill for partition of a tract of land held in common, by fragments. A suit for partition should always embrace the whole tract held by the co-tenancy, but it does not follow that those who are mutually desirous of continuing the relation of co-tenants in one tract cannot do so without foregoing their right to a partition of other distinct tracts as to which a partition is desirable." (232 Ill. 577, 579-80, 83 N.E. 1067, 1068.)

*Dickson* is not similar to the situation here because there the defendants in partition were arguing that other separate tracts of land also held in common between the parties had to be included in the suit. Plaintiff's present suit does not seek to partition only a fragment of the estate, but as framed, the petition seeks a partition of the entire tract of land held in tenancy in common.

■ A case representing a truly fragmented partition action is *Nicklaus v. Daubs* (1944), 385 Ill. 407, 52 N.E.2d 786. In *Nicklaus*, title to 140 acres of land was held by Cravens with a cotenant Knott. Cravens conveyed all of his interest in the south part of the 140 acres to one party, all of his interest in 24 acres of the north part to another, and then the original grantor Cravens, as well as his grantees, brought separate partition actions seeking a partition of their separate estates. The supreme court held that the actions should have been consolidated into one suit as the whole property originally held in common with the cotenants, whether consisting of one or a number of parcels, continued to be a unit and the subject matter of a *single action*. The facts before the court in *Nicklaus* are not the same as the case here, but we believe that the rationale of that decision requires a similar result. The outcome of the will contest case and the ultimate distribution in Pearl's

estate will result in the Lanterman heirs receiving further distributions of interests in the farmland. In this case, recognizing plaintiff's right to partition now would require a separate partition action regarding the same real estate at a later date. Such an inefficient procedure is not in our view warranted, would result in a waste of judicial resources, and we believe is contrary to the express language of section 17—105 of the Code of Civil Procedure which declares that the court in a partition action shall ascertain and declare the rights, titles, and interests of all the parties in such action. (Ill. Rev. Stat. 1981, ch. 110, par. 17—105.) In the instant partition action there is no way to declare the entire quantum of interests of the beneficiaries of the residuary trust until Pearl's estate is settled.

 █ In answer to the trial court's second question, we conclude that the court has authority to stay the partition action until the will contest action is concluded. The power of a trial court to issue a stay order is an attribute of its inherent power to control the disposition of cases before it. (*Oglesby v. Springfield Marine Bank* (1944), 385 Ill. 414, 52 N.E.2d 1000; *Landis v. North American Co.* (1936), 299 U.S. 248, 81 L. Ed. 153, 57 S. Ct. 163.) We do not believe that the trial court abused its discretion by issuing a stay order on its own motion. The trial court has power to stay a separate action when both actions involve the same parties and subject matter so that the trial of one action will effectively dispose of the need for a trial in another action. (*People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 440 N.E.2d 876; *Medline Industries, Inc. v. Pascal* (1974), 23 Ill. App. 3d 346, 319 N.E.2d 310.) The parties to both actions are the same and the essential subject matter of both actions is the same, *i.e.*, the ultimate rights in the farmland. Staying the partition action will not eliminate the need for a trial of the will contest suit, but it will make unnecessary multiple partition actions to the same tract of land. Our opinion should not be interpreted as a holding that plaintiff's complaint does not state a cause of action for partition as we are only determining whether the trial court abused its discretion in issuing a stay, and upon this question we find no abuse of discretion.

For the foregoing reasons the order of the circuit court of Sangamon County is affirmed.

Affirmed.

MILLS, P.J., and WEBBER, J., concur.